[No. B200082. Second Dist., Div. Four. Feb. 20, 2008.]

FREDERIC GOLDMAN, Plaintiff and Respondent, v.
ORENTHAL JAMES SIMPSON, Defendant and Appellant.

**COUNSEL**

Richard L. Enkelis and Ronald P. Slates for Defendant and Appellant.

Sommer Barnard, Jonathan G. Polak; Haven Law, Peter T. Haven; Cook Collection Attorneys and David J. Cook for Plaintiff and Respondent.

OPINION

WILLHITE, J.—

## INTRODUCTION

Defendant Orenthal James Simpson appeals from an order denying his motion to vacate the renewal of a money judgment in favor of plaintiff Frederic Goldman. Simpson contends that the renewal of the judgment was void because he had insufficient contacts with California to confer personal jurisdiction when the renewal was entered. We conclude that the trial court properly denied Simpson's motion to vacate because it was untimely, and because it was based on a ground—insufficient contacts with California to confer personal jurisdiction at the time of the renewal—unavailable under the statutory renewal of judgment procedure. Rather, the court had continuing jurisdiction, derived from its jurisdiction at the time of the original judgment, to enter the renewal. Accordingly, we affirm the order denying the motion to vacate renewal of the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Judgment was entered against Simpson on March 10, 1997, in Goldman's action for wrongful death and for damages based on survival rights filed by Goldman individually, and as personal representative of the estate of Ronald Lyle Goldman, deceased. On September 21, 2006, Goldman filed an application for renewal of the judgment pursuant to Code of Civil Procedure section 683.120, well before the original judgment was due to expire by operation of law on March 10, 2007.[1] The clerk of the court entered the renewal (§ 683.150), and Goldman served and filed notice of renewal of the judgment (§ 683.160) on or about October 20, 2006.

Nearly six months later, on April 10, 2007, Simpson filed a motion to vacate renewal of the judgment. He contended that all defenses that would have been available to him at the time of the original judgment were still available at the time of the application for renewal of judgment. He argued

---

[1] All undesignated section references are to the Code of Civil Procedure.

that because he had moved from California to Florida and had become a resident of Florida, the California court did not have jurisdiction over him to renew the judgment.

The matter was heard in May 2007, after which the trial court entered an order denying the motion to vacate the renewal of judgment. This timely appeal followed.

## DISCUSSION

Simpson contends that when the renewal of the judgment was entered, he had insufficient contacts with California to confer personal jurisdiction. Therefore, according to Simpson, the renewal of the judgment was void, and the trial court erred in denying his motion to vacate the renewal. We conclude, however, that Simpson's motion was untimely, and that the trial court had continuing jurisdiction to renew the judgment.

■ Before the 1982 enactment of the Enforcement of Judgments Law (§ 680.010 et seq.), the sole method by which a judgment creditor could extend the enforcement period of a money judgment was by obtaining a new judgment against the judgment debtor in an independent action based on the judgment. (See *Pratali v. Gates* (1992) 4 Cal.App.4th 632, 637–638 [5 Cal.Rptr.2d 733].) In the Enforcement of Judgments Law, the Legislature adopted an alternative summary procedure for renewal. (4 Cal.App.4th at pp. 637–638; § 683.050; see Tentative Recommendation Proposing the Enforcement of Judgments Law (Oct. 1980) 15 Cal. Law Revision Com. Rep. (1980) p. 2009.) Under this procedure, a money judgment is enforceable for 10 years from the date it is entered. (§ 683.020.) To obtain a renewal of the judgment, the judgment creditor must file an application for renewal with the clerk of the court that entered the judgment before the expiration of the 10-year period of enforceability. (§ 683.130, subd. (a); see § 683.140 [setting forth information to be included in application].) "Upon the filing of the application, the court clerk shall enter the renewal of the judgment in the court records." (§ 683.150, subd. (a).) The creditor must serve notice of the renewal on the debtor (§ 683.160, subd. (a)), and the debtor then has 30 days after service to make a motion to vacate or modify the renewal (*ibid.*; see § 683.170, subd. (b)).

■ Thus, a judgment creditor has two distinct methods by which to continue to pursue collection of a judgment as it nears expiration of the 10-year period of enforceability: the renewal of judgment provisions set forth in section 683.110 et seq., or an independent action on the judgment. Although the two methods are distinct, the defenses available to the judgment debtor in the statutory procedure are the same as in an independent action on

the judgment. As here relevant, section 683.170, subdivision (a), provides that "[t]he renewal of a judgment pursuant to this article may be vacated on any ground that would be a defense to an action on the judgment . . . ."

In the instant case, Simpson filed a motion to vacate Goldman's statutory renewal of the judgment, contending that lack of personal jurisdiction would be a defense in an independent action on the judgment, and therefore, under section 683.170, subdivision (a), he could assert that defense in support of his motion to vacate the renewal of judgment. Simpson's motion, however, was untimely. Section 683.170, subdivision (b), provides that a noticed motion to vacate renewal of judgment must be filed "[n]ot later than 30 days after service of the notice of renewal." Here, Goldman filed his application for renewal of the judgment on September 21, 2006, and the court clerk entered the renewal on that date. Goldman served and filed notice of renewal of the judgment, as required by section 683.160, on or about October 20, 2006. Yet Simpson did not file his motion to vacate renewal of the judgment until almost six months later, on April 10, 2007. Thus, Simpson filed his motion too late.[2]

Apparently recognizing that his motion was untimely, Simpson attempts to resurrect the motion on the following logic (as best we understand it). Under section 683.170, subdivision (a), Simpson could raise in his motion any defense that would have been available in an independent action on the judgment. Lack of personal jurisdiction, rendering the judgment void, is a defense in an independent action on the judgment. Therefore, lack of personal jurisdiction could be raised in Simpson's motion to vacate. Further, because lack of personal jurisdiction renders the judgment void, and a void judgment can be attacked at any time, his motion cannot be deemed untimely. And finally, because the court that renewed the judgment had no jurisdiction over him, his motion to vacate the renewal should have been granted.

Simpson's logic fails on a host of grounds. In an independent action on a judgment, the debtor may challenge the judgment "in accordance with the rules and principles governing collateral attack" (*Kirkpatrick v. Harvey* (1942) 51 Cal.App.2d 170, 172 [124 P.2d 367]; see also *Cradduck v. Financial*

---

[2] We note, as well, that Simpson's delay was calculated. At the hearing on the motion to vacate, Simpson's counsel admitted that "[a]s soon as March 10, 2007 passed [the date Goldman's judgment would expire], we notified this court that we would be bringing the action." He continued: "So this is a challenge that we made as soon as we were in a legal position to make it." In other words, Simpson waited until the 10-year period to enforce the judgment had passed in an attempt to ensure, in the event that the trial court were to vacate the renewal of judgment, that Goldman could not again seek to renew the judgment before it had expired.

*Indem. Co.* (1966) 242 Cal.App.2d 850, 855 [52 Cal.Rptr. 90]), including "lack of personal or subject matter jurisdiction . . . . Nonjurisdictional errors, however, are not appropriate procedural targets within this context." (*Armstrong v. Armstrong* (1976) 15 Cal.3d 942, 950 [126 Cal.Rptr. 805, 544 P.2d 941], citations omitted.) Such a *collateral attack* challenges the jurisdiction of the court to enter the *original* judgment. Certainly, therefore, in making a statutory motion under section 683.170, subdivision (a), to vacate a renewal of judgment, the debtor may contend that the court lacked personal jurisdiction *at the time of the initial judgment.* (See *Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 201–202 [106 Cal.Rptr.2d 854] [failure to have ever served process on a defendant is a defense to an action on the judgment and therefore can be raised on a § 683.170 motion].) But it is an entirely different matter to contend that the renewed judgment must be vacated because the debtor has insufficient personal contacts with the state to confer personal jurisdiction *at the time of the renewal.*

■ The statutory renewal of judgment is an automatic, ministerial act accomplished by the clerk of the court; entry of the renewal of judgment does not constitute a new or separate judgment.[3] "Filing the renewal application (and paying the appropriate filing fee, Gov.C. § 70626(b)) results in *automatic* renewal of the judgment. No court order or new judgment is required. The court clerk simply enters the renewal of judgment in the court records. [See CCP §683.150; *Jonathan Neil & Assocs., Inc. v. Jones* (2006) [138 Cal.App.4th] 1481, 1487, 1489 [42 Cal.Rptr.3d 350] . . . ]." (Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 2007) ¶ 6:75, p. 6A-41.) Thus, "[t]he judgment renewal procedure is a different mechanism to extend the life of a judgment than that of bringing an independent action on a judgment. (*Fidelity Creditor Service v. Browne, supra,* 89 Cal.App.4th at p. 200.) Entry by the trial court clerk of a renewal is a ministerial act . . . ." (*Jonathan Neil & Associates, Inc. v. Jones, supra,* 138 Cal.App.4th at p. 1489, fn. 1.) "[R]enewal does not create a new judgment or modify the present judgment. Renewal merely extends the enforceability of the judgment." (*Id.* at p. 1489.) The renewed judgment "has no independent existence" from the original judgment.[4] (*Jonathan Neil,* at p. 1490.)

---

[3] In contrast, "[a]n action based on a judgment is an action based on contract. The judgment becomes a debt which the judgment debtor is obligated to pay and the law implies a contract on his part to pay it. [Citation.]" (*United States Capital Corp. v. Nickelberry* (1981) 120 Cal.App.3d 864, 867 [174 Cal.Rptr. 814].) Thus, when successful, an action on a judgment results in the entry of a new judgment.

[4] That a renewed judgment does not constitute a new or separate judgment is further evidenced by the fact that the renewed judgment is not appealable. "The renewal of a judgment is *not* an appealable event . . . because 'there is no separate entity called a "renewed judgment." ' Although the renewal extends the enforceability period, the judgment creditor's rights still arise only from the underlying judgment. [*Jonathan Neil & Assocs., Inc. v. Jones*[, *supra,* 138 Cal.App.4th] 1481, 1487 . . . ]." (Ahart, Cal. Practice Guide: Enforcing Judgments

■ We conclude that the court that entered the original judgment has continuing jurisdiction to enforce the judgment through the statutory renewal process. Section 410.50 provides: "(a) Except as otherwise provided by statute, the court in which an action is pending has jurisdiction over a party from the time summons is served on him as provided by Chapter 4 (commencing with Section 413.10). . . . [¶] (b) *Jurisdiction of the court over the parties and the subject matter of an action continues throughout subsequent proceedings in the action.*" (Italics added.) The Judicial Council comment following section 410.50 states that the statute "continues the law governing the acquisition of judicial jurisdiction by a California court (subdivision (a)) and *the continuation of such jurisdiction throughout all subsequent proceedings which arise out of the original cause of action* (subdivision (b)).

■ "Jurisdiction over the parties is necessary for the validity of any judgment in personam. (Cal Code Civ Proc § 1917; Pennoyer v Neff (1877) 95 US 714, 722 [24 L.Ed. 565]; Allen v Superior Court (1953) 41 Cal 2d 306, 309 [259 P.2d 905]; Restatement, Judgments §§ 6, 14, and Intro. Note, p 79.) Such jurisdiction depends upon three factors: (1) Jurisdiction of the state, based upon there being sufficient minimum contacts existing between this state and the parties or their property or other interests (see Section 410.10). (2) Notice and opportunity for a hearing (see Sections 412.10–412.30, 473.5). (3) Compliance with statutory jurisdictional requirements for service of process (see Sections 413.10–417.30). In addition, the court in which the action is pending must be competent to hear and decide the type of action and the amount in controversy that are involved in the case. When these factors are present, the court has acquired 'fundamental' jurisdiction over the parties, and *this jurisdiction continues to final judgment and in subsequent proceedings incidental thereto.*" (Judicial Council of Cal. com., reprinted at Deering's Ann. Code Civ. Proc. (1991 ed.) foll. § 410.50, p. 569, italics added.)

---

and Debts, *supra,* ¶ 6:91, p. 6A-46.) Instead, it is the order denying a motion to vacate renewal of a judgment that is appealable, as an order after (the underlying) judgment. (*Jonathan Neil & Associates, Inc. v. Jones, supra,* 138 Cal.App.4th at p. 1487.)

We also note that there is no statutory requirement that the notice of renewal be served on the judgment debtor in order for the renewal to be effective. (See § 683.160.) "Service on the judgment debtor is not necessary to renew the judgment. However, *no writ of execution* can issue on the *renewed* judgment until proof of service of the Notice has been filed with the court clerk. Nor, pending filing of proof of service, may the judgment creditor commence any other enforcement proceeding (e.g., examination of judgment debtor), unless it would have been available under the *nonrenewed* original judgment. [CCP §683.160(b)]." (Ahart, Cal. Practice Guide: Enforcing Judgments and Debts, *supra,* ¶ 6:78, pp. 6A-41 to 6A-42.) Thus, there is no specified time period within which the renewal of judgment must be served on the judgment debtor. The statute instead provides that the judgment creditor may not initiate any enforcement proceedings unless and until the judgment debtor has been served with the notice of renewal.

■    The parties have not cited, and our research has not disclosed, any case law addressing whether the renewal of a judgment pursuant to section 683.120 constitutes a "subsequent proceeding[] in the action" as contemplated by section 410.50, such that a court has continuing jurisdiction over the parties as a result of its having had fundamental jurisdiction when entering the original judgment. However, because entry of the renewal by the court clerk is a ministerial act that merely extends the enforceability of the original judgment, and because the renewed judgment has no independent existence apart from the original judgment (*Jonathan Neil & Associates, Inc. v. Jones, supra*, 138 Cal.App.4th at pp. 1489–1490), we conclude that the renewal procedure is properly treated as a "subsequent proceeding" under section 410.50. The superior court, therefore, has ongoing, continuing jurisdiction to effectuate the statutory renewal of the judgment, and the renewal is not subject to attack on the ground that the debtor has insufficient personal contacts with California to establish personal jurisdiction when the renewal is entered. "[W]here jurisdiction of the person . . . has once attached it is not defeated by the removal of the person . . . beyond the jurisdiction of the court. (15 C.J., p. 824[; 21 C.J.S. (2006) Courts, § 93.]) Jurisdiction once acquired is not defeated by subsequent events which might have prevented jurisdiction had they occurred before personal service of the action was made. [Citation.]" (*Maloney v. Maloney* (1944) 67 Cal.App.2d 278, 280 [154 P.2d 426] [child custody proceedings]; see also *In re Larry P.* (1988) 201 Cal.App.3d 888, 895 [247 Cal.Rptr. 472]; 2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 401, p. 1010 [citing § 410.50, subd. (b)]; Moore & Thomas, Cal. Civil Practice: Procedure (Oct. 2007 database update) Judgments, § 28:4.)

■    Thus, Goldman's renewed judgment was not void for lack of personal jurisdiction. The trial court properly denied Simpson's motion to vacate because it was untimely, and because it was based on a ground—insufficient contacts with California to confer personal jurisdiction at the time of the renewal—unavailable under section 683.170, subdivision (a). Rather, the court had continuing jurisdiction under section 410.50, derived from its jurisdiction at the time of the original judgment, to enter the renewal.

## DISPOSITION

The order denying Simpson's motion to vacate the renewal of judgment is affirmed. Respondent shall recover his costs on appeal.

Epstein, P. J., and Manella, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 14, 2008, S162204.