**In re Riordan J. ZAVALA.**

**No. SA CV10–01810 JAK.**

United States District Court, C.D. California.

Filed Jan. 3, 2014.

Gordon C. Strange, Gordon Strange Law Offices, Maria Elisa Mahecha, Judgment Recovery Assistance, Irvine, CA, for Movent.

Riordan J. Zavala, Law Offices of Riordan J. Zavala, Orange, CA, for Appellant.

**Proceedings: (IN CHAMBERS) OR-DER RE APPEAL FROM BANK-RUPTCY COURT (DKT. 2)**

JOHN A. KRONSTADT, District Judge.

## I. *Introduction*

On August 25, 2010, Judgment Recovery Assistance, LLC ("Appellee") filed an "Amended Application for and Renewal of Judgment" (the "Amended Application") in the United States Bankruptcy Court for the Central District of California. Dkt. 31–1, Exh. D. On September 27, 2010, Riordan Zavala ("Appellant") filed a Motion to Vacate the Amended Application. On November 22, 2010, the Bankruptcy Court issued an Order denying Appellant's Motion to Vacate. On this appeal, Appellant seeks reversal of that Order. For the reasons stated in this Order, the denial of Appellant's Motion to Vacate is AFFIRMED.

## II. *Factual and Procedural Background*

On January 12, 1996, Carol Remsen and Robert Ruf ("Plaintiffs") filed a complaint in the Bankruptcy Court seeking two findings: (i) Appellant was indebted to them; and (ii) the debt was non-dischargeable under 11 U.S.C. § 523(c). Dkt. 31–1, Exh. A, p. 1. On August 30, 2000, the Bankruptcy Court entered a default judgment for Plaintiffs and awarded them $90,415.98 in compensatory damages and $33,354.44 in interest. *Id.* at 3. On March 5, 2001, the Bankruptcy Adversary Proceeding was closed. Dkt. 26, p. 18. On November 27, 2009, Ruf assigned his right to collect the judgment to Appellee. Dkt. 31–1, Exh. B. On June 21, 2010, Appellee filed an "Acknowledgment of Assignment of Judgment" in the Bankruptcy Court. *Id.* On that same day, Appellee submitted, in propria persona, an Application for and Renewal of Judgment (the "Application").

Dkt. 31–3, Exh. C. On June 28, 2010, the Clerk of the Bankruptcy Court issued a Notice of Renewal of Judgment. *Id.*

On July 30, 2010, Appellant filed a Motion to Vacate the Application for and Renewal of Judgment. Dkt. 27, Exh. 208. In support of that Motion, Appellant argued, *inter alia*, that Appellee, a Limited Liability Corporation ("LLC"), was not permitted to file its Application in propria persona. On August 25, 2010, Appellee filed the Amended Application through counsel. Dkt. 27, Exhs. 211, 212. On August 30, 2010, the 10–year statute of limitations for renewing a judgment expired. On September 21, 2010, the Bankruptcy Court ruled that Appellant's Motion to Vacate was moot based on the August 25 filing of "an amended application signed by an attorney." Dkt. 26, p. 10.

On September 27, 2010, Appellant filed a Motion to Vacate the Amended Application. Dkt. 27, Exh. 215. In support of that Motion, Appellant argued, *inter alia*, that the assignment to Appellee was invalid because Ruf signed it, but Remsen did not. On October 9, 2010, Remsen and Ruf both executed an assignment of the judgment to Appellee. Dkt. 27, Exh. 219. On November 22, 2010 the Bankruptcy Court issued two orders: (i) Denying Appellant's Motion to Vacate the Amended Application, and (ii) Reopening the underlying Bankruptcy Adversary Proceeding. Appellant contends that each of these orders was in error.

## III. *The Parties' Contentions*

### A. **Appellant's Position (Dkts. 26, 36, 41)**

Appellant contends that the Bankruptcy Court committed at least three errors when it denied his Motion to Vacate the Amended Application and reopened the Bankruptcy Adversary Proceeding. *First,*

he contends that Appellee, an LLC, was not permitted to file its original Application in propria persona. Although Appellee retained counsel to file its Amended Application, he contends that the Amended Application improperly relies on and incorporates aspects of the initial Application. Dkt. 26, pp. 22–24. *Second,* he contends that Appellant was required to file a Motion to Reopen the underlying Bankruptcy Adversary Proceeding at the same time that it filed its Application. *Id.* at 17–18. When the Bankruptcy Court reopened the underlying case on November 22, 2010, the 10–year statute of limitations to renew a judgment had already expired. *Third,* he contends that, because the judgment was held jointly by both Plaintiffs, the assignment of the judgment to Appellee was not valid until it was authorized by both Plaintiffs. *Id.* at 28–29. When Remsen authorized the assignment of the judgment on October 9, 2010, the statute of limitations to renew a judgment had already expired.

## B. Appellee's Position (Dkts. 31, 40)

Appellee contends that the renewal of a judgment is merely a ministerial act. Therefore, Appellee contends that it was permitted to file the Application in propria persona, and it was not required to file a Motion to Reopen the underlying case. Appellee contends that the judgment was community property that Ruf assigned in the exercise of his fiduciary duty to enforce the judgment on behalf of the community. Dkt. 40, p. 2. Finally, Appellee contends that Ruf and Remsen both executed the amended assignment, which relates back to the date on which the initial Acknowledgment of Assignment was filed. Dkt. 31, p. 19.

## IV. *Analysis*

### A. Legal Standard

■ The conclusions of law of a bankruptcy court are reviewed *de novo;* its findings of fact are reviewed for clear error. *Blausey v. United States Trustee,* 552 F.3d 1124, 1132 (9th Cir.2009) (citing *In re Salazar,* 430 F.3d 992, 994 (9th Cir. 2005)). The clear error standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed before reversal is warranted." *United States v. Bourseau,* 531 F.3d 1159, 1164 (9th Cir.2008) (internal quotation marks omitted). This court may affirm on any ground supported by the record. *Thrifty Oil Co. v. Bank of America, Nat'l Trust and Sav. Ass'n,* 322 F.3d 1039, 1046 (9th Cir.2003); *In re DeMasi,* 227 B.R. 586, 587 (D.R.I.1998) ("[T]he Court is not bound to remain within the confines of the Bankruptcy Court's reasoning for its decision, but is free to affirm the decision below on any ground supported by the record").

### B. Application

1. *Whether Appellee was Required to File Simultaneously a Motion to Reopen the Closed Bankruptcy Case and its Application for and Renewal of Judgment*

Appellant contends that Local Bankruptcy Rule 5010–1 "required Appellee to file a separate motion to reopen the case, concurrent with, and apart from, bringing its application to renew judgment." Dkt. 26, p. 17. LBR 5010–1 sets forth the procedure for reopening closed bankruptcy cases. LBR 5010–1(a) provides that a "motion to reopen a closed bankruptcy case must be supported by a declaration establishing a reason or 'cause' to reopen. The motion must not contain a request for any other relief." LBR 5010–1(b)(1) provides that "[a] request for relief other than the reopening of a case must be made in a separate motion or adversary proceeding, which may be filed concurrently with the

motion to reopen." LBR 5010–1 does not specifically address whether a Motion to Reopen must be filed at the same time as an Application to Renew Judgment. Local Bankruptcy Rule 1001–1(e)(1) provides that, when a matter is not specifically covered by the Local Bankruptcy Rules, it may be determined by analogy to the Federal Rules of Civil Procedure. Fed. R.Civ.P. 69(a) discusses extending a judgment and directs that the governing procedures are those of the state in which the bankruptcy court is located.

 Under California law, a request for the renewal of a judgment is not one for independent relief; rather it is "an automatic, ministerial act accomplished by the clerk of the court." *Goldman v. Simpson,* 160 Cal.App.4th 255, 262, 72 Cal. Rptr.3d 729 (2008).[1] "Renewal does not create a new judgment or modify the present judgment." *Jonathan Neil & Asscs., Inc. v. Jones,* 138 Cal.App.4th 1481, 1489, 42 Cal.Rptr.3d 350 (2006). It "has no independent existence from the original judgment." *Goldman,* 160 Cal.App.4th at 262, 72 Cal.Rptr.3d 729. A judgment creditor is not required to serve the judgment debtor with the notice of renewal in order for the renewal to be effective. *Goldman,* 160 Cal.App.4th at 262 n. 4, 72 Cal.Rptr.3d 729; Cal.Code Civ. Proc. § 683.160(b). A renewal of judgment does not confer new rights on the judgment creditor; "the rights of the judgment creditor arise from the underlying judgment." *Jones,* 138 Cal.App.4th at 1487, 42 Cal. Rptr.3d 350. For these reasons, a notice of renewal of judgment is "not an appealable event." *Id.* In sum, a renewal of judgment does not provide relief; it only extends the effectiveness of the original judgment. Therefore, under LBR 5010–

1(b)(1), an Application for a Renewal of Judgment not need be made together with a Motion to Reopen.

 At oral argument, Appellant conceded that he did not raise this issue with the Bankruptcy Court. He also conceded that he could have done so in his Motion to Vacate the Amended Application without prejudicing his claims because his Motion was filed after the 10–year period for renewing a judgment had run. "It is well established that issues or theories not properly raised or presented in the trial court may not be asserted on appeal, and will not be considered by an appellate tribunal. A party who fails to raise an issue in the trial court has therefore waived the right to do so on appeal." *In re Marriage of Eben–King & King,* 80 Cal.App.4th 92, 117, 95 Cal.Rptr.2d 113 (2000); *Iliff v. Dustrud,* 107 Cal.App.4th 1201, 132 Cal. Rptr.2d 848 (2003) (holding that appellant's argument regarding timeliness of appellee's motion to set aside the renewal of judgment was waived because that argument was not raised in the trial court). For these reasons, the Bankruptcy Court did not err when it rejected Appellant's argument that Appellee's Amended Application must be denied for failure simultaneously to file a motion to reopen the bankruptcy case.

2. *Whether Appellee Improperly Filed its Application for and Renewal of Judgment in Propria Persona*

 Appellant contends that Local Bankruptcy Rule 9011–2(a) barred Appellee, which is an LLC, from acting without counsel in filing its initial Application for and Renewal of Judgment.[2] Dkt. 26, p. 17. LBR 9011–2(a) provides that a corporation or LLC "may not file a petition or other-

---

**1.** Pursuant to Cal.Code Civ. Proc. § 683.150, "[u]pon the filing of the application [for renewal of judgment], the court clerk *shall* en-

ter the renewal of the judgment in the court records." (emphasis added).

**2.** Although Appellee later retained counsel to file its Amended Application, Appellant con-

wise appear without counsel in any case or proceeding, except that it may file a proof of claim, file or appear in support of an application for professional compensation, or file a reaffirmation agreement, if signed by an authorized representative of the entity." Appellee contends that it did not "file a petition or otherwise appear without counsel" in a case or proceeding, because the Application was a ministerial matter presented to the clerk of the court. Dkt. 31, p. 6.

The Local Bankruptcy Rules do not specifically define "petition." However, they state that "[a] term not defined in this rule will have the meaning provided in the Bankruptcy Code or the [Federal Rules of Bankruptcy Procedure.]" LBR 9001–1. The Bankruptcy Code defines "petition" as a "petition filed under section 301, 302, 303 and 1504 of this title, as the case may be, commencing a case under this title." 11 U.S.C. § 101(42). The Application was filed under Cal.Code Civ. Proc. § 683.40. *See* Dkt. 27, Exh. 203. Therefore, the Application was not a petition for purposes of LBR 9011–2(a).

Nor was the Application an appearance for purposes of LBR 9011–2(a). As explained above, a renewal of judgment is a ministerial act that the clerk of the court is required to perform upon receiving an application. In an analogous circumstance, a California Court of Appeal held that an application for entry of judgment is not an appearance. *Tom Thumb Glove Co. v. Han,* 78 Cal.App.3d 1, 144 Cal.Rptr. 30 (1978). There, the court held, "[e]ntry by the clerk of a judgment based on the application is mandatory upon the filing of the application. Entry of the judgment is a ministerial act of the clerk, not a judicial act of the court. Thus the application merely requests the clerk to perform a ministerial duty; it is not an 'appearance' for the purpose of obtaining any ruling or order of the court going to the merits of the case." *Id.* at 7–8, 144 Cal.Rptr. 30. Similarly, in *Rogers v. Mun. Ct.,* a California Court of Appeal held that a corporation may file a notice of appeal without violating the requirement that it "must appear through an agent who is a member of the bar." 197 Cal.App.3d 1314, 1318, 243 Cal. Rptr. 530 (1988). In *Rogers,* the court stated that a "notice of appeal is a form document which contains only the names of the parties and the dates of the administrative action.... It requires no legal training or acumen to prepare and file this document. Importantly, the notice of appeal imparts no information to the opposing side which will affect the trial of the issues.... The corporate officer who signs the notice of appeal is not engaging in the practice of law." *Id.* at 1318–19, 243 Cal. Rptr. 530; *see also In re Bigelow,* 179 F.3d 1164, 1165 (9th Cir.1999) ("We fail to see any compelling reason to refuse to recognize a corporation's notice of appeal, signed and filed by a corporate officer, so long as a lawyer promptly thereafter enters a formal appearance on behalf of the corporation and undertakes the representation.").

Similarly, the Application sought a ministerial act by the clerk of the court; it did not seek a ruling or order of the court with respect to the merits of the case. The Application contained only the names of the parties and the relevant dates. It did not require legal training to prepare, and did not impart information to Appellant regarding any substantive issue. For these reasons, the Application did not constitute either a petition or an appearance, and LBR 9011–2(a) did not prohibit Appellee from filing it without counsel. There-

tends that the Amended Application improperly incorporates and relies upon materials contained in the Application. Dkt. 26, p. 22.

fore, there was no error in the ruling of the Bankruptcy Court rejecting Appellant's argument that the Amended Application improperly relied on, and incorporated portions of, the Application.

### 3. *Whether the Assignment of Judgment was Valid*

#### a. The Initial Assignment

Appellant contends that, because Ruf and Remsen jointly owned the judgment, and only Ruf executed the assignment to Appellee, the assignment was invalid. Dkt. 26, p. 26. Although both Ruf and Remsen later executed a subsequent assignment of judgment to Appellee, that assignment occurred after the 10–year period for renewing the judgment had expired. *Id.* at 28. Appellee contends that Ruf was entitled unilaterally to assign the judgment, and that the assignment was consistent with his fiduciary duty to manage community property. Dkt. 31, pp. 12–13; Dkt. 40, p. 2.

■■■■ The judgment awarded to Ruf and Remsen was their community property. *Barnett v. First Nat'l Ins. Co. of Am.,* 184 Cal.App.4th 1454, 1460, 110 Cal. Rptr.3d 99 (2010) ("[A] cause of action for damages is community property, as is any recovery on that cause of action.... This is true whether the cause of action is for injury to real property or financial interests or for personal injuries."). Ruf and Remsen brought the cause of action, and obtained the judgment, while they were married and living in California. Under the California Family Code, "[e]xcept as provided [in limited circumstances], either spouse has the management and control of the community personal property ... with like absolute power of disposition, other than testamentary, as the spouse has of the separate estate of the spouse." [3] Therefore, Ruf had the right unilaterally to manage the judgment, including by assigning it to Appellee, provided this transfer was consistent with his fiduciary duties to Remsen. Appellant notes that California law precludes the assignment of a portion of a judgment. Dkt. 41 (citing *Buckeye Refining Co. v. Kelly,* 163 Cal. 8, 124 P. 536 (1912)). However, here, as Appellant concedes, Ruf did not merely assign his portion of the judgment; he assigned the entire judgment to Appellee on behalf of the community. Dkt. 36, pp. 17–18.

■■■■ Appellee contends that Ruf "had a fiduciary duty to enforce" the judgment, and by assigning the judgment to Appellee, Ruf "was exercising the 'highest good faith and fair dealing' in protecting community assets." Dkt. 40, p. 2. Appellant does not contend that Appellee did not pay a fair and reasonable value for the assignment of the judgment. Cal. Fam.Code 1100(b). Moreover, had the transfer allegedly violated Ruf's fiduciary duties, the transaction could be challenged only by Remsen, because she alone had standing to do so. Appellant lacks such standing. *Clar v. Cacciola,* 193 Cal.App.3d 1032, 238 Cal.Rptr. 726 (1987); Rutter Guide, Family L. Ch. 8:677 (2013) ("As between the

---

**3.** None of the limited exceptions to the general rule allowing unilateral disposition of community property applies here. Pursuant to Cal. Fam.Code § 1100(b)-(d), a spouse may not unilaterally (i) "make a gift of community personal property, or dispose of community personal property for less than fair and reasonable value"; (ii) "sell, convey, or encumber community personal property used as the family dwelling, or the furniture or fittings of the home, or the clothing or wearing apparel of the other spouse or minor children which is community property"; or (iii) if a spouse operates or manages a business or has an interest in a business that is "all or substantially all community personal property," the managing spouse "shall give prior written notice to the other spouse of any sale, lease exchange, encumbrance, or other disposition of all or substantially all of the personal property used in the operation of the business."

*transferor* spouse and transferee, the unauthorized property disposition is completely valid; affirmative relief cannot be sought by the transferor spouse *or, for that matter, by any other person* (e.g., creditors).").

Although Ruf and Remsen separated prior to the assignment of the judgment, Ruf continued to possess the unilateral right to manage and transfer the judgment, subject to his fiduciary duties, until "such time as the assets and liabilities have been divided by the parties or by a court." Cal. Fam.Code § 1100(e). Appellee contends that the respective interests of Ruf and Remsen in the judgment "is a matter that has yet to be resolved with respect to the dissolution of the marriage between [them] and the distribution of marital assets." Dkt. 31, p. 13. Appellant does not challenge this assertion. Because the judgment had not been divided by the parties or a court at the time Ruf assigned it to Appellee, it remained community property subject to the unilateral management, and disposition, by either spouse. Therefore, the assignment by Ruf to Appellee was valid. For these reasons, the Bankruptcy Court did not err in rejecting Appellant's argument that Appellee lacked standing to file the Application.

b. Whether the Amended Assignment Relates Back to the Date the Initial Assignment was Filed

■■■ Even if the initial unilateral assignment were invalid, the subsequent assignment may relate back to the date on which the initial assignment was filed in the Bankruptcy Court. Under Federal Rules of Civil Procedure 15 and 17, both of which have been incorporated into the Federal Rules of Bankruptcy Procedure,[4] where an assignee lacks standing to prosecute a claim, the appropriate plaintiff may

be substituted, even if such substitution occurs after the expiration of a statute of limitations. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 19 (2d Cir.1997); *In re Capobianco,* 248 B.R. 833 (9th Cir. BAP 2000); *Staren v. Am. Nat'l Bank & Trust,* 529 F.2d 1257 (7th Cir.1976) (although the statute of limitations had run by the time a motion was made to amend the complaint to substitute the appropriate plaintiff, the amendment should relate back to the original complaint). Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when … the amendment changes the party or the naming of the party against whom a claim is asserted …" Although Rule 15(c) specifically refers to an amendment changing the party against whom a claim is asserted, it has been interpreted to apply also to an amendment that substitutes a new plaintiff, where the new plaintiff is a "real party in interest" under Rule 17(a). *Goodman v. United States,* 298 F.3d 1048, 1053 (9th Cir.2002).

■■■ Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." Rule 17(a)(3) states, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." "Rule 17(a) is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought." *Goodman,* 298 F.3d at 1053 (internal quotations omitted). "Rule 15(c) has been used in conjunction with Rule 17(a) to enable an amendment substituting the real party in interest to

---

**4.** Rule 15 has been incorporated by Fed. Rule Bankr.Proc. 7015. Rule 17 has been incorpo-

rated by Fed. Rule Bankr.Proc. 7017.

relate back to the time the original action was filed." Wright, Miller & Kane, *Federal Practice and Procedure* § 1555, at 415 (2d ed. 1990). *See Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 385 (9th Cir. 1982) ("The district court's grant of leave to amend the complaint substituting plaintiffs, and for relation back of the amended complaint to the time of filing the original complaint, was a proper exercise of the court's discretion under Rule 15(c).").

In *Advanced Magnetics*, a corporation brought an action based on claims that had been assigned to it by individual shareholders. The Second Circuit held that the assignments were invalid, and the corporation lacked standing to pursue the claims of its individual shareholders. However, the court permitted the substitution of the individual shareholders, notwithstanding that the substitution occurred after the expiration of the statute of limitations. The court cited the liberal substitution standards of Rule 15 and 17, and concluded that, "we have been pointed to no evidence that would indicate that the attempted assignments were undertaken in bad faith or in an effort to deceive or prejudice the defendants.... Nor do we see any unfairness to defendants in allowing substitution of the selling shareholders as plaintiffs on their respective claims." *Advanced Magnetics*, 106 F.3d at 21.

██ The same logic applies in this action. Thus, there is no evidence that the initial assignment of the judgment, if invalid, was undertaken in bad faith. Rather, the claimed defect would have been an "understandable mistake" with respect to Ruf's unilateral authority to assign the judgment. *Goodman*, 298 F.3d at 1053. Moreover, there is neither prejudice to Appellant nor any injustice that would result by permitting the amended assignment. Appellant was put on notice by the timely filing of the initial Application that the judgment against him would be renewed. The Amended Notice of Assignment and the Amended Application did not seek to introduce any new claims or make any substantive changes to the Application. Therefore, were the initial assignment determined to be invalid, the defect was cured by the amended assignment, which relates back to the date on which the initial assignment was filed in the Bankruptcy Court.

## V. *Conclusion*

For the foregoing reasons, the decision of the Bankruptcy Court is AFFIRMED.

**IT IS SO ORDERED.**