**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH PADGETT, | No. 20-15246 |
| Plaintiff-Appellant, | D.C. No. 5:04-cv-03946-EJD |
| v. | |
| BUSTAMANTE & GAGLIASSO, P.C., | MEMORANDUM[*] |
| Movant-Appellee, | |
| A. CURTIS WRIGHT, | |
| Defendant-Appellee, | |
| and | |
| BRIAN LOVENTHAL, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted April 13, 2022[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: SILER,*** W. FLETCHER, and M. SMITH, Circuit Judges.

Joseph Padgett appeals from the district court's post-judgment order declining to compel the clerk of court to enter a renewed judgment in the amount Padgett requested. We have jurisdiction pursuant to 28 U.S.C. § 1291. *See Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1064–65 (9th Cir. 2010). Because the parties are familiar with the facts, we do not recount them here. We vacate the district court's order and remand with instructions to enter the renewed judgment.

The procedure for executing a judgment entered by a federal court "must accord with the procedure of the state where the court is located, [unless] a federal statute governs." Fed. R. Civ. P. 69(a). Under California law, the clerk's entry of a renewed judgment "is an automatic, ministerial act." *Goldman v. Simpson*, 72 Cal. Rptr. 3d 729, 733 (Ct. App. 2008). Section 683.150 of the California Code of Civil Procedure provides that "[u]pon the filing of the application, the court clerk *shall* enter the renewal of the judgment in the court records." (emphasis added). And the commentary to Section 683.150 states that "Section 683.150 *requires* that the court clerk enter the renewal of the judgment based on the application." (emphasis added); *see also Altizer v. Highsmith*, 265 Cal. Rptr. 3d 832, 836 (Ct. App. 2020) (quoting this language favorably when describing the clerk's role). Therefore, the clerk must

_____

*** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

enter the renewed judgment. After the clerk does so, Wright may move to vacate the judgment if Wright believes that the amount of the renewed judgment is incorrect. Cal. Code. Civ. Proc. § 683.170(a). We express no opinion regarding the correct judgment amount.

We decline to address when the interest to which Padgett is entitled began to accrue because this issue was "not passed upon below." *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1057 (9th Cir. 2017).

**VACATED and REMANDED with instructions to enter the renewed judgment.**