FILED

NOT FOR PUBLICATION

JUL 02 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   CC-12-1313-DKiPa |
| ) | |
| AVRAM MOSHE PERRY, ) | Bk. No.   09-11476-GM |
| ) | |
| Debtor. ) | Adv. No. 10-01356-GM |
| _____) | |
| ) | |
| AVRAM MOSHE PERRY, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| KEY AUTO RECOVERY; CHASE AUTO ) | |
| FINANCE, ) | |
| ) | |
| Appellees. ) | |
| _____) | |

Argued and Submitted on June 20, 2013
at Pasadena, California

Filed - July 2, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Geraldine Mund, Bankruptcy Judge, Presiding

Appearances:     Appellant Avram Moshe Perry argued pro se;
April C. Balanque, Esq. of Poliquin & DeGrave LLP
argued for appellee Key Auto Recovery; Holly Jo
Nolan, Esq. of Solomon, Grindle, Silverman &
Wintringer, APC argued for appellee Chase Auto
Finance.

Before:  DUNN, KIRSCHER and PAPPAS, Bankruptcy Judges.

_____

[1] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

The debtor, Avram Moshe Perry, appeals the bankruptcy court's order denying his ex parte motion for reconsideration of an order closing his adversary proceeding, <u>Perry v. Chase Auto Finance et al.</u>, 10-1356-GM.[2]  We AFFIRM.

**FACTS**[3]

Several years prepetition, the debtor financed the purchase of a 2001 Nissan Pathfinder ("Nissan") through Chase Auto Finance ("Chase"), granting Chase a security interest in the Nissan.[4] The debtor later defaulted on payments to Chase.

Nine days before filing his chapter 7 bankruptcy petition on

_____

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[3] The debtor did not provide us with a number of documents relevant to this appeal.  We therefore obtained access to and took judicial notice of these documents from the bankruptcy court's electronic docket.  <u>See</u> <u>O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)</u>, 887 F.2d 955, 957-58 (9th Cir. 1988); <u>Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)</u>, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[4] The debtor is no stranger to us; he has filed numerous prior appeals, all of which have focused on a single asset, the Nissan.
The bankruptcy court concisely set forth in its memorandum of opinion ("memorandum decision"), entered May 16, 2012, the facts of the underlying bankruptcy case and the related adversary proceedings.  <u>See</u> 10-1356-GM adv. proc. docket no. 61.  We have incorporated here many of the facts from the bankruptcy court's memorandum decision, as well as those from another appeal, <u>Perry v. Key Auto Recovery et al.</u>, CC-10-1395-DMkKi.  We have recounted those facts relevant to the present appeal for ease of reference and clarity.

February 11, 2009, the debtor advised Chase that he intended to file for bankruptcy protection. Despite this forewarning, Chase's agent, Key Auto Recovery ("Key Auto"), repossessed the Nissan on February 6, 2009.[5]

Nearly a week after he filed his bankruptcy petition, the debtor initiated a state court action against Chase and Key Auto ("state court action").[6] He alleged that they unlawfully repossessed the Nissan and demanded that they return it.[7] The

---

[5] Chase later moved for relief from stay in the bankruptcy case, seeking to sell the Nissan ("relief from stay motion"). The debtor opposed Chase's relief from stay motion. He also sought a "temporary restraining order" or other "injunctive relief" against Chase and Key Auto requiring Chase and/or Key Auto to return the Nissan to him.
The bankruptcy court granted Chase's relief from stay motion. It also denied the debtor's request for injunctive relief.
At the April 9, 2009 hearing on Chase's relief from stay motion, the bankruptcy court explained to the debtor that Chase had repossessed the Nissan "before [he] filed bankruptcy. Therefore, there was no automatic stay." See bankruptcy docket no. 48, Tr. of April 9, 2009 hr'g, 9:14-16. It went on to state that it "[did not] deal with how the repossession [took] place . . . . That's state law, and it's supposed to take a state judge to do it." See bankruptcy docket no. 48, Tr. of April 9, 2009 hr'g, 10:1-4.

[6] According to Key Auto, because it determined the debtor to be a vexatious litigant, the state court required him to post security in order to proceed with the state court action. The debtor failed to post security, so the state court action was dismissed. The debtor moved for reconsideration, which the state court denied. He then appealed to the state appellate court, which dismissed the appeal on November 15, 2012.

[7] The debtor alleged that Key Auto illegally repossessed the Nissan by having one of its employees enter his apartment

(continued...)

3

debtor asserted various claims against Chase and Key Auto, including breach of contract, fraud and abuse of process. The debtor also sought actual and punitive damages against them. Notably, the state trial court and the state appellate court later declared the debtor to be a vexatious litigant.

The debtor initiated two adversary proceedings against Chase and Key Auto, filing one complaint on February 5, 2010 (10-1043-GM), and the other complaint on August 19, 2010 (10-1356-GM).

In the first adversary proceeding (10-1043-GM), the debtor sought injunctive relief and to quiet title to the Nissan ("injunctive relief adversary proceeding"). He also asserted claims for fraud, breach of contract and abuse of process, among others. The debtor further sought damages for the alleged wrongful repossession of the Nissan.

Chase moved that the bankruptcy court abstain from adjudicating the claims in the injunctive relief adversary proceeding as they were based on state law. The bankruptcy court declined to abstain. However, it decided to stay the injunctive relief adversary proceeding pending the outcome of the state court action.[8]

---

[7](...continued)
complex's parking garage, break into the Nissan and tow it away.

[8] At the April 28, 2010 hearing, the bankruptcy court determined that it would "stay this action, because of a lot of it [was] duplicative of what's happening in state court." 10-1043-GM adv. proc. docket no. 26, Tr. of April 28, 2010 hr'g, 1:20-22. It decided to "just let [the injunctive relief adversary proceeding] sit here with nothing happening until the state court action [was] completely resolved. And then [the
(continued...)

4

In the second adversary proceeding (10-1356-GM), the debtor sought to remove the state court action to the bankruptcy court ("removal adversary proceeding"). Chase subsequently moved to remand the removal adversary proceeding to state court ("remand motion").

Before the September 29, 2010 hearing on the remand motion ("remand motion hearing"), the bankruptcy court issued a tentative ruling. It granted Chase's remand motion, noting that the removal adversary proceeding was "the same" as the injunctive relief adversary proceeding, which "[had] already been stayed pending a result from the state court." See 10-1356-GM adv. proc. docket no. 16. The bankruptcy court moreover pointed out that it "already decided that nothing in this case affect[ed] bankruptcy law and everything should be heard by the state court."[9] Id.

At the remand motion hearing, the bankruptcy court informed the debtor that

> [t]he issues that you're raising are state issues, that [Chase and Key Auto] went in and they wrongfully repossessed your car, and it took place before the bankruptcy. Now, if there had been no bankruptcy, it would be tried in state court. You have nothing to

---

[8](...continued)
bankruptcy court would] take a look and see [where they] were." 10-1043-GM adv. proc. docket no. 26, Tr. of April 28, 2010 hr'g, 5:6-9. It wanted the debtor to "[t]ry all [his] facts in state court. Then [the bankruptcy court would] take a look at it in terms of what's here and we'll decide whether there's anything left to go forward with here." 10-1043-GM adv. proc. docket no. 26, Tr. of April 28, 2010 hr'g, 6:3-6.

[9] It also mentioned that the debtor's request for removal was improper and untimely.

5

bring it into federal court, except the fact that there is a bankruptcy. And what I did was I said, let the state court sort out state law, that's what they're supposed to do, and then I'll take a look and see if there's any bankruptcy issues remaining, and I'll deal with that after they're through, because I don't want to run two things parallel to each other.

See 10-1356-GM adv. proc. docket no. 34, Tr. of September 29, 2010 hr'g, 6:14-25.

The bankruptcy court advised the debtor that it would put the tentative ruling on the record. It later entered an order granting Chase's remand motion ("remand order").[10]

Because of the various appeals pending at the time in the bankruptcy case and the adversary proceedings, the bankruptcy

---

[10] The debtor appealed the bankruptcy court's remand order to this Panel (CC-10-1395). The Panel affirmed the bankruptcy court in an unpublished memorandum decision. He subsequently moved for a rehearing, which this Panel denied. The debtor then moved for reconsideration, which this Panel also denied.

The debtor appealed to the Ninth Circuit (11-60068). The Ninth Circuit dismissed the appeal because the debtor did not respond to its order requiring him to pay docketing and filing fees, thereby failing to perfect the appeal.

The debtor also moved for an order to show cause to clarify why the remand order should not be set aside as Chase listed the incorrect adversary proceeding number and lodged the remand order untimely ("OSC motion"). The bankruptcy court denied the debtor's OSC motion, entering its order on March 9, 2012 ("order re: OSC motion").

Unsurprisingly, the debtor appealed to the district court the order re: OSC motion (district court case no. 12-2599). We take judicial notice of the district court docket in the appeal. The district court dismissed the debtor's appeal ("district court dismissal order") on the ground that the order re: OSC motion was a non-appealable order.

The debtor then appealed the district court dismissal order to the Ninth Circuit. That appeal currently is pending (12-55672).

court held several status conferences.[11]  A few days before the status conference on May 8, 2012 ("status conference"), the bankruptcy court issued a tentative ruling.

In its tentative ruling, the bankruptcy court proposed to dismiss both adversary proceedings as they involved issues identical to those in the state court action.  The bankruptcy court orally adopted the tentative ruling at the status conference.  It did not enter an order adopting the tentative ruling, however.

The bankruptcy court later issued its memorandum decision, altering the tentative ruling.  Instead of dismissing the injunctive relief adversary proceeding, the bankruptcy court decided to set a further status conference because it already had stayed the matter pending the outcome of the state court action.

As for the removal adversary proceeding, the bankruptcy court decided to close it because "there [was] nothing more for [the bankruptcy] court to do on [it]," as all the appeals either had become final or had been dismissed.[12]  See 10-1356-GM adv. proc. docket no. 61.  The bankruptcy court noted that "closing [the] case was a mere ministerial act."  Id.

On May 16, 2012, the bankruptcy court entered an order consistent with its memorandum decision ("closing order").

---

[11] Several of these status conferences were joint status conferences with the state court.  The state court judge in fact participated by phone in some of the status conferences.

[12] The bankruptcy court mentioned, however, that the district court dismissal order still remained pending on appeal before the Ninth Circuit.

7

Two days later, in the injunctive relief adversary proceeding, the debtor filed an ex parte motion for reconsideration to vacate/set aside the tentative ruling ("first motion to reconsider").[13]  He claimed that the bankruptcy court had "promised" him that it would adjudicate the state court action and adversary proceedings upon resolution of his various appeals and upon his approval to allow the bankruptcy court to adjudicate them.  Relying on this "promise," he waited until the appeals were resolved and for the bankruptcy court to renew its offer to adjudicate the state court action and the adversary proceedings.  Had he known that the bankruptcy court intended to dismiss the adversary proceedings, the debtor instead would have accepted its offer to have it adjudicate the state court action and the adversary proceedings.

The debtor further claimed to have new evidence demonstrating that Chase did not have a valid lien in the Nissan.  Specifically, he asserted that at the time Chase repossessed the Nissan, he owned it free and clear, as Chase had sent him the certificate of title in August 2004.  He maintained that Chase had "fraudulently created . . . a title to the [Nissan]" so that it could continue to receive payments from him and later repossess the Nissan.

The bankruptcy court denied the first motion to reconsider based on the reasons set forth in its memorandum decision.  It

_____

[13] We note that the debtor characterizes the bankruptcy court's tentative ruling as "the May 8, 2012 order."  As we mentioned earlier, the bankruptcy court did not enter an order adopting its tentative ruling.

8

further pointed out that, contrary to the debtor's arguments, it did not dismiss the adversary proceedings. The bankruptcy court therefore determined that his first motion to reconsider was moot.[14]

On May 29, 2012, in the removal adversary proceeding, the debtor filed a "renewed motion" for reconsideration of the tentative ruling and the closing order ("second motion to reconsider"), requesting a hearing on it. He repeated his claim from the first motion to reconsider: that he had new evidence regarding Chase's allegedly fraudulent lien in the Nissan.

The debtor further contended that the change in the bankruptcy court's ruling was prejudicial to him because the bankruptcy court did not provide him notice of the change or its reasons for the change. He moreover argued that the bankruptcy court denied him due process by refusing to set his motion to reconsider for hearing, even though he had new evidence.

The bankruptcy court denied the second motion to reconsider without a hearing. In the order entered on June 4, 2012 ("second reconsideration order"), the bankruptcy court explained that, with respect to the injunctive relief adversary proceeding, the closing order "merely continued the status conference to a future date."

As for the removal adversary proceeding, the bankruptcy court pointed out that, "once all appeals have been resolved, it will be ready to be closed." It explained that the closing of

---

[14] The debtor appealed the bankruptcy court's order denying his first motion to reconsider to this Panel (CC-12-1314). The appeal was dismissed as interlocutory.

9

the removal adversary proceeding was "a ministerial act and [was] not equivalent to dismissal."  The bankruptcy court had issued the closing order "so that the clerk's office [would] monitor that case and close it at the appropriate time."

The debtor timely appealed the second reconsideration order.[15]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1).  We have jurisdiction under 28 U.S.C. § 158.

## ISSUE[16]

---

[15] In his notice of appeal, the debtor referenced two orders supposedly entered on May 8, 2012, and July 7, 2010.  Reviewing the dockets for both adversary proceedings, we did not find any orders entered on those dates.

[16] It is unclear whether the debtor intended to appeal the closing order.  In his notice of appeal and opening brief, he argues that he did not have an opportunity to be heard on the dismissal of the adversary proceedings because the bankruptcy court failed to provide him notice of the dismissal.  Because the bankruptcy court did not provide notice of the dismissal, it abused its discretion in dismissing the adversary proceedings.
    The debtor places too much importance on the tentative ruling.  As we mentioned earlier, the bankruptcy court did not adopt its tentative ruling – it changed its ruling in the memorandum decision and closing order.  It did not dismiss the removal adversary proceeding but simply closed it.  By closing the removal adversary proceeding, the bankruptcy court simply carried out a ministerial act, analogous to entering a closing order in a main bankruptcy case, which always can be reopened for cause.  See, e.g., §350(b); Rule 5010; Rule 9024 (a motion to
(continued...)

Did the bankruptcy court abuse its discretion in denying the motion to reconsider?

**STANDARDS OF REVIEW**

We review the bankruptcy court's denial of a motion for reconsideration for abuse of discretion. Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner), 161 F.3d 1216, 1217 (9th Cir. 1998). We apply a two-part test to determine objectively whether the bankruptcy court abused its discretion. United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009)(en banc). First, we "determine de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested." Id. Second, we examine the bankruptcy court's factual findings under the clearly erroneous standard. Id. at 1262 & n.20. A bankruptcy court abuses its discretion if it applied the wrong legal standard or its factual findings were illogical, implausible or without support in the record. TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm on any ground supported by the record. Shanks

[16](...continued)
reopen a case under the Bankruptcy Code is not subject to the one-year limitation of Rule 60(b)); In re Bosak, 242 B.R. 400, 403 (Bankr. N.D. Ohio 1999)("The formality of closing a case is ministerial in nature and, as such, in no manner impedes the remedial rights of [parties]."). We therefore decline to address this argument here.

Moreover, based on our review of the debtor's notice of appeal and opening brief, it appears that the bulk of his argument concerns the bankruptcy court's denial of his motion to reconsider. We therefore focus our attention on that issue only.

11

v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

**DISCUSSION**

A.   Placing this appeal in context

At the outset, it is important to put this appeal in context.  First, as noted above, the bankruptcy court has determined that the injunctive relief adversary proceeding and the removal adversary proceeding cover the same claims.  The bankruptcy court did not close the injunctive relief adversary proceeding and scheduled a further status conference.  Further proceedings in the injunctive relief adversary proceeding are pending.

Second, the removal adversary proceeding commenced as a state court lawsuit.  The debtor removed it to bankruptcy court, but the bankruptcy court granted Chase's motion to remand it.  The debtor appealed that decision to this Panel, and we affirmed.  The debtor further appealed to the Ninth Circuit and moved to proceed in forma pauperis.  The motions panel of the Ninth Circuit denied that motion "because we find that the appeal is frivolous."  The Ninth Circuit later dismissed the debtor's appeal because the debtor did not pay the required appeal and docketing fees.

Third, as reported by the parties at oral argument, the state court ultimately dismissed the debtor's remanded lawsuit, a decision that had proceeded through the California appellate courts to finality.  See, e.g., Cadle Co. II, Inc. v. Sundance Fin., Inc., 154 Cal. App. 4th 622, 624 (Cal. Ct. App. 2007)("the judgment becomes final, i.e., after the determination of an

12

appeal, or, if no appeal is filed, after the time in which an appeal could have been filed."). Although the debtor has filed a petition for writ of certiorari with the United States Supreme Court to overturn that dismissal, even the debtor did not appear very hopeful that his petition would be granted.

The closing order is not before us in this appeal, but in these circumstances, we perceive no abuse of discretion or error in the bankruptcy court's concluding that it had nothing more to do in the removal adversary proceeding and taking the ministerial act of closing the removal adversary proceeding. It is in this context that we proceed to consider debtor's arguments in appealing the second reconsideration order.

B. "Motions for reconsideration" generally

The Civil Rules do not recognize motions for reconsideration. <u>Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.)</u>, 311 B.R. 530, 539 (9th Cir. BAP 2004). The Civil Rules do provide, however, two avenues through which a party may obtain relief from an order: (1) a motion to alter or amend judgment under Civil Rule 59(e) and (2) a motion for relief from judgment under Civil Rule 60. Civil Rule 59(e) applies to bankruptcy proceedings under Rule 9023, and Civil Rule 60 applies to bankruptcy proceedings under Rule 9024.

Where a party files a motion for reconsideration within fourteen days after the entry of the order, the motion is treated as a motion to alter or amend the order under Civil Rule 59(e).[17]

_____

[17] As we mentioned earlier, Civil Rule 59(e) applies to bankruptcy proceedings under Rule 9023. Originally, the deadline (continued...)

13

_Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp._, 248 F.3d 892, 898-99 (9th Cir. 2001)(citation omitted).  Here, although the debtor cited Civil Rule 60(b) in the second motion to reconsider, we apply Civil Rule 59(e), as he filed it thirteen days after the closing order was entered.

Civil Rule 59(e) allows for reconsideration of an order if the bankruptcy court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  There may also be other, highly unusual circumstances warranting reconsideration." _School District No. 1J v. AC&S, Inc._, 5 F.3d 1255, 1253 (9th Cir. 1993)(internal citation omitted).

Reconsideration of orders after their entry is an extraordinary remedy that courts should use sparingly "in the interests of finality and conservation of judicial resources." _Kona Enters., Inc. v. Estate of Bishop_, 229 F.3d 877, 890 (9th Cir. 2000)(quoting 12 James Wm. Moore et al., _Moore's Federal Practice_ § 59.30[4](3d ed. 2000))(internal quotation marks omitted).  Courts need to "preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done in light of all the facts."  _In re Walker_, 332 B.R. 820, 832 (Bankr. D. Nev. 2005)(quoting _Kieffer v. Riske (In re Kieffer-Mickes, Inc.)_,

[17](...continued)
by which to file a motion for reconsideration under Civil Rule 59(e) was ten days, but Rule 9023 was amended in 2009 to extend the time period to fourteen days.

14

226 B.R. 204, 209 (9th Cir. BAP 1998))(internal quotation marks omitted).

On appeal, the debtor contends that the bankruptcy court erred because: 1) it should have held a hearing on the second motion to reconsider; and 2) it should have considered the "new" evidence he earlier proffered in the first motion to reconsider in the injunctive relief adversary proceeding. We address each argument in turn.

C. <u>No hearing was required on the second motion to reconsider</u>

The debtor complains that the bankruptcy court abused its discretion by refusing his request to set a hearing on the second motion to reconsider. Generally, a motion for reconsideration constitutes a contested matter under Rule 9014. <u>See, e.g.</u>, <u>Stephens v. Gomez (In re Gomez)</u>, 2012 WL 5938722 at *4 (9th Cir. BAP 2012)("A motion for reconsideration of an order dismissing an adversary proceeding is a contested matter under Rule 9014 . . . ."). When such a motion is filed, Rule 9014(a) requires that an opportunity for hearing be afforded to the party against whom relief is sought.

However, under its local bankruptcy rules, the bankruptcy court was not required to set a hearing on the second motion for reconsideration. LBR 9013-1(a)(1) of the Local Bankruptcy Rules ("LBR") of the United States Bankruptcy Court for the Central District of California provides, in relevant part, "<u>Unless otherwise ordered by the court</u>, parties must . . . set for hearing all contested matters . . . ." (Emphasis added.) The debtor did not set his second motion to reconsider for hearing as the LBRs required. He did not avail himself of the opportunity

15

to schedule a hearing on the second motion to reconsider that the LBRs afforded. In these circumstances, LBR 9013-1 permitted the bankruptcy court to decide to forgo a hearing altogether. The bankruptcy court therefore did not abuse its discretion in declining the debtor's request to set a hearing on his second motion to reconsider, raising matters that it previously had considered and on which it had ruled.

D. "New evidence" was not presented properly before the bankruptcy court

The debtor also contends that the bankruptcy court failed to consider the "new evidence" he submitted in the first motion to reconsider. He asserted that he "had recently found in [his] storage copies of [various documents] . . . [he] had forgotten [he] had." See 10-1043-GM adv. proc. docket no. 78. The debtor included copies of these documents as exhibits to the first motion to reconsider.

The debtor relied on two documents in particular that he claimed demonstrated that Chase had no lien against the Nissan. He first referenced an "Application for Transfer by New Owner" ("application") that made no mention of Chase's lien against the Nissan.

He then referred to a computer printout of his account with Chase ("account activity summary"). He highlighted certain language in the account activity summary. This language stated: "UNABL TO LOCATE THE CPY OF TITLE FXD TO CARRIE THE CONTRACT IS UNABL TO BE LOC SUBMIT ANTHR RQUST FOR COPY OF TITLE RUSH TO BE FXD TO ME." According to the debtor, Chase was unable to locate the certificate of title to the Nissan because it already sent it

16

to him in August 2004.

"A motion for reconsideration may <u>not</u> be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009)(quoting <u>Kona Enters., Inc.</u>, 229 F.3d at 890 (internal quotation marks omitted)(emphasis in original)).

Here, the debtor could have submitted these documents earlier to the bankruptcy court. (As noted above, the debtor asserted that Chase had sent him the certificate of title to the Nissan in August 2004!) He had forgotten about them, but found them in storage. He reported no difficulty in obtaining these documents nor provided any other reason for failing to unearth and submit these documents sooner.

Moreover, by filing the second motion to reconsider, the debtor is attempting to take a second bite at the apple. He even unabashedly characterizes the second motion to reconsider as a "renewed motion" in the caption. The bankruptcy court already ruled on the first motion to reconsider, which the debtor appealed. He cannot continue to repeat the same arguments in slightly different motions and expect different consideration or results. The bankruptcy court therefore did not abuse its discretion in declining to consider his "new evidence."

**CONCLUSION**

For the reasons set forth above, the bankruptcy court did not abuse its discretion in denying the debtor's second motion to reconsider. We AFFIRM.

17