[No. B042283. Second Dist., Div. Seven. Dec. 14, 1989.]

CALIFORNIA FIRST BANK, Plaintiff and Respondent, v. HARLEY R. BRADEN et al., Defendants and Appellants.

COUNSEL

John J. Schimmenti, Schimmenti, Mullins & Berberian for Defendants and Appellants.

Richard Macias, Dennis, Shafer, Wish & Creim for Plaintiff and Respondent.

OPINION

**WOODS (Fred), J.**—Defendants appeal from a judgment after verdict based upon their written guaranties of debt obligations to plaintiff. The sole issue raised by this appeal is whether the plaintiff's cause of action for breach of contract was barred by the applicable statute of limitations such that a directed verdict should have been entered for defendants. We conclude that defendants signed a valid waiver of the statute of limitations and that plaintiff's action was timely under the law. The judgment is affirmed.

### FACTUAL AND PROCEDURAL SYNOPSIS

On January 30, 1987, Best Service Co., hereafter Best, the original lender, commenced this action against appellants for breach of contract based upon two written guaranties. Respondent is the assignee of Best. The uncontroverted evidence at trial showed that the obligations on the guaranties became due and payable, yet remained unpaid on February 28, 1982, and March 15, 1982, respectively.[1]

The guaranties, which were executed prior to the time the debt obligations became due and payable, each contained the following provision: "Guarantors waive the benefit of any limitations affecting their liability hereunder or the enforcement thereof to the extent permitted by law."

Following a jury verdict favoring respondent, appellants argued in a motion for a directed verdict and in a subsequent motion for a new trial that the action was barred by the statute of limitations. The motions were denied.

---

[1] Although appellants filed a notice of intent to proceed by settled statement and both parties refer to the settled statement in their briefs, there is no settled statement in the record before this court. However, since the parties agree on the facts in their briefs, we will consider the facts in this synopsis as being uncontroverted. (See *DeRose* v. *Carswell* (1987) 196 Cal.App.3d 1011, 1019, fn. 3 [242 Cal.Rptr. 368].)

Appellants filed a timely notice of appeal.

## DISCUSSION

■ Appellants contend that since the written waiver provisions are reasonably susceptible to multiple interpretations, such provisions should be construed against respondent, making the provisions invalid and respondent's action untimely.

The two written guaranties signed by appellants contained identical waiver provisions. The provisions state that: "Guarantors waive the benefit of any limitations affecting their liability hereunder or the enforcement thereof *to the extent permitted by law.*" (Italics added.)

In the trial court, respondent maintained that pursuant to Code of Civil Procedure[2] section 360.5, the waiver permitted suit for four years beyond the time when the statute would otherwise have run. Appellants maintained in the trial court that the provisions might be reasonably interpreted to allow the statute to run only for four years from the date of making or signing of the written waivers.

■ Appellants rely on two well settled principles. One, "[a] contract is ambiguous when, on its face, it is capable of two different reasonable interpretations." (*United Teachers of Oakland* v. *Oakland Unified Sch. Dist.* (1977) 75 Cal.App.3d 322, 330 [142 Cal.Rptr. 105].) ■ Two, "ambiguities in standard form contracts are to be construed against the drafter." (*Victoria* v. *Superior Court* (1985) 40 Cal.3d 734, 739 [222 Cal.Rptr. 1, 710 P.2d 833].)

■ Although these principles contain useful rules of law, they are inapposite to the instant case. Appellants have failed to observe that it is the statute that is ambiguous, not the waiver provisions of the written guaranties. The guaranty provisions are not ambiguous; they allow waivers "to the extent permitted by law." What we are really called upon to decide is not the meaning but the dimension to be given to the phrase "to extent permitted by law."

■ Appellants suggest that respondent's reliance on section 360.5 is misplaced since the statute constitutes "extrinsic evidence" which should not have been considered in interpreting the waiver provision. However,

---

[2] All statutory references are to the Code of Civil Procedure.

" 'all applicable laws in existence when an agreement is made necessarily enter into it and form a part of it as fully as if they were expressly referred to and incorporated in its terms.' " (*Wing* v. *Forest Lawn Cemetery Assn.* (1940) 15 Cal.2d 472, 476 [101 P.2d 1099, 130 A.L.R. 120].)

Section 360.5 provides that: "No waiver shall bar a defense to any action that the action was not commenced within the time limited by this title unless the waiver is in writing and signed by the person obligated. No waiver executed prior to the expiration of the time limited for the commencement of the action by this title shall be effective for a period exceeding four years from the date of expiration of the time limited for commencement of the action by this title and no waiver executed after the expiration of such time shall be effective for a period exceeding four years from the date thereof, but any such waiver may be renewed . . . ."

The first sentence of section 360.5 validates written waivers of limitations for commencement of actions. The second sentence limits the effective time of written waivers to four years. The first clause in the second sentence discusses the effect of a waiver executed prior to the running of the normal statutory limitations, which in the instant case is four years. (§ 337.)

■ We conclude that the plain language of the statute provides that a written waiver executed prior to the running of the applicable statute of limitations shall be effective for a period of four years from the commencement of the running of the statute of limitations. For a written waiver executed after the statute of limitations has run, the four years runs from the date of signing of the waiver.

Scholar and legal encyclopedist, B. E. Witkin, states: "Although the section [360.5] is somewhat complicated it seems clear that (1) it abolishes perpetual and longtime waivers in the original instrument; but (2) it permits a provision extending the period (4 years for written contract) *by an additional 4 years*; . . ." (Italics added.) (3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 333, p. 364.)[3]

Finally, any lingering doubt as to the proper interpretation of section 360.5 is resolved by its legislative history. "In 1953, section 360.5 was amended to read as it currently exists." (*Carlton Browne & Co.* v. *Superior Court* (1989) 210 Cal.App.3d 35, 42 [258 Cal.Rptr. 118].) With regard to

---

[3] See Note (1952) 4 Stan.L.Rev. 415, 421, opining that under section 360.5 the maximum duration of the first waiver is "*four years beyond the date* when the statute would have run but for the waiver." (Italics added.)

the proposed amendment to section 360.5, the Senate Interim Judiciary Committee noted in its report: "In 1951 Section 360.5 was added to the code, designed to prevent the exaction . . . of an unlimited and indefinite waiver of the statute of limitations at the time credit was extended or a loan made. This amendment was intended not only to require that waivers of the statute be in writing but that no one waiver could waive the statute for a period of more than *four years beyond* the time when the statute would otherwise have run. To this proposal there was no objection." (Italics added.)

■ Appellants' interpretation that the four years should run from the date of the signing of the waiver has no merit. A cause of action does not accrue until a defendant's wrongful conduct gives rise to a claim. (3 Witkin, Cal. Procedure, *supra*, Actions, § 351, pp. 380-381.) For a guaranty, the breach occurs when the note falls due and remains unpaid. (*Pierce* v. *Merrill* (1900) 128 Cal. 464, 469 [61 P. 64].) Ordinarily, the statute of limitations commences running upon the breach. (*Balfour, Guthrie & Co.* v. *Hansen* (1964) 227 Cal.App.2d 173, 188-189 [38 Cal.Rptr. 525].)

Without the waiver provisions, respondent would have had four years from the dates the notes were due and unpaid (Feb. & Mar. of 1982, respectively) to commence its action. Under appellants' reasoning the four years within which to commence the action would have expired before four years from the accrual of the cause of action, i.e., at the time of breach. This interpretation would negate the statutory benefit conferred under section 360.5. Such an interpretation is strained and devoid of merit.

The two notes signed by appellants became due and payable, yet remained unpaid, on February 28, 1982, and March 15, 1982. The respondent had four years from breach (date of refusal to pay on the notes), plus an additional four years afforded it by section 360.5. The complaint was filed on January 30, 1987, at a time well within the eight years described herein.

## DISPOSITION

The judgment is affirmed. Respondent to recover costs on appeal.

Lillie, P. J., and Johnson, J., concurring.