Filed 3/21/24  Sanborn v. Kennedy CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ELIZABETH SANBORN, | H050910 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 21CV376894) |
| v. | ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |
| WILLIAM KENNEDY, | |
| Defendant and Appellant. | |

THE COURT:

On the court's own motion, it is ordered that the opinion filed March 4, 2024, be modified as follows:  on page 4, fourth full paragraph, first sentence, delete "13" and replace it with "more than 12."

Plaintiff Elizabeth Sanborn's petition for rehearing is denied.

There is no change in the judgment.

1

BAMATTRE-MANOUKIAN, J.

GREENWOOD, P. J.

WILSON, J.

*Sanborn v. Kennedy*
**H050910**

2

Filed 3/4/24  Sanborn v. Kennedy CA6 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ELIZABETH SANBORN, | H050910 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 21CV376894) |
| v. | |
| WILLIAM KENNEDY, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

In 2021, plaintiff Elizabeth Sanborn filed a civil action against defendant William Kennedy for breach of a written guaranty.  Defendant had personally guaranteed the payment of an earlier 2007 judgment that plaintiff had obtained against defendant's home building business, Weeks Street LLC (the LLC).  The written guaranty by defendant provided that it "may not be enforced by [plaintiff] or anyone else until – unless an amount is owing to [plaintiff] on [the 2007] judgment that hasn't been paid by the time the last of the units of [the housing] project have been sold."  Plaintiff alleged that the homes were sold while the LLC was in bankruptcy, that the business had no remaining assets after a bankruptcy stay was lifted in 2020, and that defendant refused to pay pursuant to his personal guaranty despite a demand for payment by plaintiff.  In response, defendant contended that the civil action was barred by the statute of limitations, among

1

other defenses. After a bench trial, the trial court determined that the action was timely, and a judgment was entered in plaintiff's favor in the amount of $57,472.35 plus interest.

On appeal, defendant contends that the judgment must be reversed because plaintiff's 2021 complaint for breach of the guaranty was barred. First, defendant contends that the 10-year enforcement period under Code of Civil Procedure section 683.020[1] for plaintiff's 2007 judgment against the LLC expired in 2017, during the LLC's bankruptcy proceedings. Second, defendant argues that the four-year statute of limitations for breach of the guaranty (see § 337, subd. (a)) commenced upon the sale of the last house in 2009, because the judgment against the LLC had not been paid by that time, and therefore plaintiff's civil action for breach of the guaranty was time-barred. Third, defendant contends that the trial court improperly applied a demurrer standard at trial. Fourth, defendant argues that the trial court provided an inadequate statement of decision.

We determine that defendant fails to demonstrate that the unenforceability of the 2007 judgment under section 683.020 precludes plaintiff from seeking enforcement of defendant's personal guaranty. However, based on the express terms of the guaranty, we agree with defendant's second contention that plaintiff's civil action for breach of the guaranty is barred by the statute of limitations under section 337, subdivision (a). Having reached this conclusion, we need not reach defendant's remaining contentions. We will reverse the judgment and direct the trial court to enter a new judgment in defendant's favor.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The 2005 Civil Action by Plaintiff Against the LLC*

In 2005, plaintiff filed a breach of contract action against the LLC, a home builder. Defendant was the sole member of the LLC. In the civil action, plaintiff alleged that she

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

was owed loan brokerage commissions for the financing of a second phase of construction in the LLC's residential development (Weeks Street Project). The entire residential project apparently consisted of 29 houses.

## B. *The Settlement, Guaranty by Defendant, and 2007 Judgment*

On July 18, 2007, plaintiff's civil action against the LLC was settled at a mandatory settlement conference. The terms of the settlement were orally recited in court by the parties. The parties agreed that a stipulated judgment providing for monetary relief would be entered in favor of plaintiff and against the LLC. The parties expected that the LLC would pay the judgment with the proceeds from the sale of the remaining houses to be built. As additional security, defendant orally agreed to personally guarantee the payment of the judgment.

On August 16, 2007, a judgment was entered against the LLC in the amount of $57,472.35[2] pursuant to the terms of the settlement. The judgment indicated that the "terms [and] conditions" of defendant's personal guaranty were set forth in the reporter's transcript of the mandatory settlement conference.

On March 27, 2008, defendant signed the written guaranty, which reflected his oral agreement from the mandatory settlement conference. The written guaranty states that defendant "personally guarantee[s] payment of the judgment entered on August 16, 2007 . . . per the conditions and terms set forth in the transcript" of the mandatory settlement conference, which states: "Mr. Kennedy has agreed to execute a personal guarantee of the judgment against Weeks Street, LLC, provided that the personal guarantee may not be enforced by Ms. Sanborn or anyone else until – unless an amount is owing to Ms. Sanborn on this judgment that hasn't been paid by the time the last of the units of this project have been sold."

---

[2] The amount was based on $55,487.50 in damages and $1,984.85 in costs.

3

### C. *The LLC's 2007 to 2020 Bankruptcy Proceedings*

In the meantime, in December 2007, the LLC filed a bankruptcy petition in federal bankruptcy court. The LLC had been unable to sell any houses after becoming engaged in a dispute with its general contractor and construction lender. The dispute caused the construction and the sale of houses to cease.

At the time of the 2007 settlement, the LLC was not in bankruptcy and defendant did not believe that bankruptcy was imminent. However, later at the trial for breach of the guaranty, defendant admitted that at the time of the 2007 settlement, there were millions of dollars in liens placed on the project, which made it difficult or impossible to pay the LLC's bills.

The LLC built and sold homes under the supervision of the bankruptcy court. The last house was sold in August 2009. Plaintiff, who was identified in the bankruptcy case as contract creditor of the LLC, did not receive any payment for the 2007 judgment through the bankruptcy proceeding.

The bankruptcy case continued for 13 years and finally closed on March 27, 2020. The bankruptcy stay was lifted on that date. No LLC assets remained to pay plaintiff's 2007 judgment against the LLC.

### D. *The 2020 Demand by Plaintiff for Payment Under the Guaranty*

On May 28, 2020, plaintiff demanded, based on the guaranty, that defendant pay the judgment. Defendant refused to pay the judgment.

### E. *The Instant 2021 Civil Action by Plaintiff Against Defendant*

#### 1. The Complaint

In February 2021, plaintiff filed the instant breach of contract action against defendant based on his failure to pay the judgment pursuant to his personal guaranty.

## 2. The Demurrer[3]

Defendant demurred to the complaint on the ground that it was barred by the statute of limitations. He contended that a "10-year statute of limitations" for enforcement of the 2007 judgment had expired before plaintiff filed her lawsuit against him in 2021. Defendant argued that his liability as a guarantor was separate from the obligation of the debtor LLC. According to defendant, plaintiff could have sued him under the guaranty within the 10-year limitations period because although collection activity was stayed against the LLC while it was in bankruptcy, defendant was not a party to the LLC's bankruptcy proceeding and therefore the bankruptcy stay did not apply to him. Defendant further argued that the limitations period on the judgment was not tolled by the bankruptcy stay, and that plaintiff could have, but did not, renew the 2007 judgment under federal or state law. In support of the demurrer, defendant sought judicial notice of several court filings, including documents filed in bankruptcy court.

In opposition, plaintiff contended that her claim against defendant for breach of the written guaranty was not time-barred. She argued that she filed a creditor's claim with the bankruptcy court. A bankruptcy trustee sold the residential properties and the funds were held until disbursed through the bankruptcy proceedings. Plaintiff argued that she could not otherwise seek enforcement of the judgment against the LLC during the bankruptcy stay, and that the bankruptcy stay tolled the statute of limitations for a claim against the LLC. Upon the bankruptcy discharge and the lifting of the stay on March 27, 2020, the LLC had no assets and plaintiff was not paid anything from the bankruptcy estate. Plaintiff argued that defendant's guaranty "only bec[a]me operable" when the LLC did not pay or was unable to pay the debt. Plaintiff contended that a claim against a surety or guarantor does not arise until the principal/obligor defaults, and a four-year

---

[3] Later after a bench trial, the trial court in its statement of decision relied in part on the earlier demurrer ruling. As a consequence, we set forth the demurrer proceedings in some detail here.

5

statute of limitations applies to a claim against the guarantor. Plaintiff contended that on May 28, 2020, she demanded payment from defendant. Whether the accrual date for her breach of the guaranty was in March 2020 when the bankruptcy stay was lifted and no funds were paid to plaintiff, or May 2020 when she demanded payment from defendant, plaintiff argued that her 2021 lawsuit against defendant was timely.

In reply, defendant contended that although the judgment against the LLC was "stayed" by its bankruptcy, the statute of limitations continued to run and eventually expired after 10 years in 2017. Although federal law extended the deadline for commencing an action until 30 days after termination of the bankruptcy stay, and although state law allowed for the renewal of a judgment before it has expired, defendant argued that plaintiff failed to renew the judgment within either timeframe. He contended that plaintiff could not enforce a guaranty for a judgment that had expired. Further, defendant argued that pursuant to the language of the guaranty, the guaranty was enforceable if the last unit in the project was sold and the judgment had not yet been paid. According to defendant, the LLC's real estate was sold between February 2008 and August 2009 under bankruptcy court orders. As the judgment had not been paid by the time of the sale of the last house in August 2009, defendant argued that the limitations period expired four years later in 2013, before plaintiff filed the instant complaint against him in 2021.

The trial court overruled the demurrer. The court determined that, due to the bankruptcy stay, plaintiff could not take any action to recover on the judgment until March 27, 2020, when the bankruptcy stay was lifted. Regarding whether judgment had expired after 10 years, the court found that "the period of time of the automatic [bankruptcy] stay is not counted as part of the limitations time," and therefore the 10-year period of enforceability had "not yet expired following termination of the bankruptcy stay." Further, plaintiff could not recover on the guaranty until the LLC either did not pay or was unable to pay the judgment. According to the court, it was not

6

until March 27, 2020, when the bankruptcy stay was lifted and the LLC had no assets to pay the judgment, that defendant's duty under the guaranty arose to make payment. The court determined that "the breach of contract claim accrued as early as May 28, 2020 when plaintiff . . . demanded payment from defendant . . . under the guaranty and he refused." Because the 2021 action was thereafter filed within the four-year limitations period for an action based on an obligation in writing, plaintiff's action was timely.

Defendant filed an answer asserting the statute of limitations as an affirmative defense.

### 3. The Trial

A bench trial was conducted on October 24, 2022. The trial court filed its final statement of decision on January 24, 2023.

In its statement of decision, the trial court stated that it "independently agree[d]" with the "comprehensive legal reasoning" of the judge who had earlier ruled on the demurrer in July 2021 that plaintiff's complaint was not time barred under section 683.020 and that no renewal of the 2007 judgment was required before plaintiff's lawsuit could be filed.

Second, the trial court determined that plaintiff's claim accrued on May 28, 2020, when she asked defendant to pay on the guaranty but he refused. The court explained that plaintiff filed the 2021 civil action against defendant "well within the four-year limitations period applicable to this written instrument under" section 337.

The trial court awarded plaintiff the amount of the 2007 judgment ($57,472.35) plus 10 percent interest from the date of the 2007 judgment. A judgment in accordance with the statement of decision was filed on January 24, 2023.

### III. DISCUSSION

On appeal, defendant contends that the judgment must be reversed because plaintiff's 2021 complaint for breach of the guaranty was barred. First, defendant contends that the 10-year enforcement period under section 683.020 for plaintiff's

7

2007 judgment against the LLC expired in 2017, during the LLC's bankruptcy proceedings. Defendant argues that plaintiff could have, but failed to, renew the judgment under state or federal law. Second, defendant argues that the four-year statute of limitations for breach of the guaranty (see § 337, subd. (a)) commenced upon the sale of the last house in 2009, because the judgment against the LLC had not been paid by that time, and therefore plaintiff's civil action for breach of the guaranty was time-barred. On this point, he also argues that the bankruptcy stay regarding the LLC did not legally prevent plaintiff from pursing a timely action against him on the guaranty. Third, defendant contends that the trial court improperly applied a demurrer standard at trial. Fourth, defendant contends that the trial court provided an inadequate statement of decision.

### A. *Standard of Review*

"[T]he interpretation and application of statutes in the context of undisputed facts" are legal questions. (*Gapusan v. Jay* (1998) 66 Cal.App.4th 734, 740.) In particular, if "the pertinent facts are undisputed, it is a question of law whether a case is barred by the statute of limitations." (*Arcadia Development Co. v. City of Morgan Hill* (2008) 169 Cal.App.4th 253, 260 (*Arcadia Development*).) We review questions of law de novo. (*Gapusan*, *supra*, at p. 740; *Arcadia Development*, *supra*, at pp. 260-261.) Further, "[i]t is a judicial function to interpret a contract or written document unless the interpretation turns upon the credibility of extrinsic evidence. [Citation.]" (*City of El Cajon v. El Cajon Police Officers' Assn.* (1996) 49 Cal.App.4th 64, 71.) Thus, where the evidence is undisputed, an appellate court independently interprets the contract. (*Ibid.*)

### B. *Whether the Time Period for Enforcing the 2007 Judgment Expired*

"[T]he law draws a distinction between statutory proceedings to 'enforce' a judgment and a separate independent action 'on' the judgment. [Citations.]" (*Barkley v. City of Blue Lake* (1993) 18 Cal.App.4th 1745, 1748, italics omitted.) Regarding the enforcement of a judgment, the Enforcement of Judgments Law (§ 680.010 et seq.),

8

which was enacted in 1982, "prescribes rules regarding the creation and duration of a judgment lien on real property [citation] and specifies the manner and method of execution, levy, sale, and collection [citations]." (*Starcevic v. Pentech Financial Services, Inc.* (2021) 66 Cal.App.5th 365, 378; *see id.* at p. 379.) "In contrast, '[a]n action based on a judgment is an action based on contract. The judgment becomes a debt which the judgment debtor is obligated to pay and the law implies a contract on his [or her] part to pay it. [Citation.]' [Citation.] Thus, when successful, an action on a judgment results in the entry of a new judgment." (*Goldman v. Simpson* (2008) 160 Cal.App.4th 255, 262, fn. 3 (*Goldman*).) An independent action on the judgment essentially "extend[s] the life of a judgment." (*Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 201 (*Fidelity*).)

By enacting "the Enforcement of Judgments Law, the Legislature adopted an alternative summary procedure for renewal. [Citations.]" (*Goldman*, *supra*, 160 Cal.App.4th at p. 260.) Now, "judgment creditors seeking to extend the enforceability of a final judgment [have] two options: (1) they can file an application [under the Enforcement of Judgments Law] with the court that issued the judgment to renew that judgment for another 10 years [citations], or (2) they can file an [independent] action [on] the judgment . . . ." (*Arrow Highway Steel, Inc. v. Dubin* (2020) 56 Cal.App.5th 876, 883 (*Arrow Highway Steel*).) "The statutory renewal procedure . . . was not intended to replace the then existing method to extend the life of a judgment—an independent action on the judgment." (*Fidelity*, *supra*, 89 Cal.App.4th at p. 201.) Instead, "[t]he statutory renewal procedure was intended to save time and money while remaining fair to the judgment debtor by affording him or her the opportunity to assert any defense that could have been asserted in an independent action. [Citations.]" (*Ibid*.) As we will next explain, however, these two alternative methods for extending the life of a judgment – renewal under the Enforcement of Judgments Law or an independent action on the

9

judgment – are "distinct" (*Goldman*, *supra*, at p. 260), and the time periods for utilizing these two methods " 'are not coterminous' " (*Fidelity*, *supra*, at p. 201).

### 1. Enforcing or Renewing a Judgment

#### a. *Time period*

Under the Enforcement of Judgments Law, a money judgment generally is enforceable for "10 years after the date of entry." (§ 683.020[4]; see *Goldman*, *supra*, 160 Cal.App.4th at p. 260.) Before the expiration of the 10-year period of enforceability, a judgment creditor may file an application for renewal of the judgment to extend the period of enforceability. (§§ 683.110, subd. (a),[5] 683.120, subds. (a) & (b),[6] 683.130, subd. (a)[7]; *Goldman*, *supra*, at p. 260.) "Such application automatically renews the judgment for a period of 10 years. [Citation.]" (*Kertesz v. Ostrovsky* (2004) 115 Cal.App.4th 369, 372-373 (*Kertesz*).) "[R]enewal does not create a new judgment or modify the present judgment. Renewal merely extends the enforceability of the judgment." (*Jonathan Neil & Associates, Inc. v. Jones* (2006) 138 Cal.App.4th 1481, 1489 (*Jonathan Neil & Associates*).)

---

[4] Section 683.020 states in part: "Except as otherwise provided by statute, upon the expiration of 10 years after the date of entry of a money judgment . . . : [¶] (a) The judgment may not be enforced. [¶] (b) All enforcement procedures pursuant to the judgment or to a writ or order issued pursuant to the judgment shall cease."

[5] Section 683.110, subdivision (a) states that "[t]he period of enforceability of a money judgment . . . may be extended by renewal of the judgment as provided in this article."

[6] Section 683.120 provides in part: "(a) The judgment creditor may renew a judgment by filing an application for renewal of the judgment with the court in which the judgment was entered. [¶] (b) Except as otherwise provided in this article, the filing of the application . . . extends the period of enforceability of the judgment as renewed for a period of 10 years from the date the application is filed."

[7] Section 683.130, subdivision (a) states that "In the case of a lump-sum money judgment . . . , the application for renewal of the judgment may be filed at any time before the expiration of the 10-year period of enforceability provided by Section 683.020 or, if the judgment is a renewed judgment, at any time before the expiration of the 10-year period of enforceability of the renewed judgment provided by Section 683.120."

### b. *Effect of a bankruptcy stay on enforcing or renewing a judgment under the Enforcement of Judgments Law*

A money judgment's 10-year period of enforceability " 'is not tolled for any reason.' " (*Fidelity*, *supra*, 89 Cal.App.4th at p. 201.) Further, "section 683.210[8] provides that a judgment may be *renewed* even where *enforcement* has been stayed. 'Renewal during a stay of enforcement does not affect the stay, but merely prevents the termination of the period of enforceability.' [Citation.]" (*Jonathan Neil & Associates*, *supra*, 138 Cal.App.4th at p. 1488, italics added.)

"Generally, the filing of a bankruptcy action imposes a stay under [title 11 United States Code] section 362. [Title 11 United States Code] '[s]ection 362(a) "provides for a broad stay of litigation, lien enforcement and other actions, judicial or otherwise, that are attempts to enforce or to collect prepetition claims. It also stays a wide range of actions that would affect or interfere with property of the estate, property of the debtor or property in the custody of the estate." ' [Citation.] 'While the scope of the automatic stay is broad, "[t]he requisite showing of interference with the [debtor's bankruptcy] estate must be present . . . to stay an action . . . ." ' [Citation.]" (*Rubin v. Ross* (2021) 65 Cal.App.5th 153, 163 (*Rubin*).)

A California appellate court has concluded that the bankruptcy "stay imposed by title 11 United States Code section 362" does not operate to preclude "the specific act of renewing a judgment" under section 683.210 of the state statutory renewal scheme. (*Rubin*, *supra*, 65 Cal.App.5th at p. 163.) The appellate court reasoned that the bankruptcy stay "operates only to prohibit subsequent acts intended to enforce a renewed judgment." (*Id*. at p. 166.) In contrast, a federal bankruptcy court has held that the mere act of renewing a state court judgment under the state statutory scheme is prohibited by

---

[8] Section § 683.210 states, "A judgment may be renewed notwithstanding any stay of enforcement of the judgment, but the renewal of the judgment does not affect the stay of enforcement."

the automatic bankruptcy stay of title 11 United States Code section 362(a). (*In re Lobherr* (Bankr. C.D.Cal. 2002) 282 B.R. 912, 917.)

Nonetheless, the expiration of the 10-year period of enforceability of a judgment while the judgment debtor is in bankruptcy does not necessarily preclude the judgment creditor from seeking renewal of the judgment later. (See *Rubin*, *supra*, 65 Cal.App.5th at p. 167.) Title 11 United States Code section 108(c) "has been interpreted to provide a 30-day 'grace period' or 'extension' for a judgment creditor to perform any act necessary to commence or continue a claim following the expiration of a bankruptcy stay. [Citations.]" (*Rubin*, *supra*, at p. 162, fn. 3.)[9] In the context of a judgment debtor's bankruptcy proceedings, "title 11 United States Code section 108(c) operates to extend the time within which a judgment creditor has to seek the renewal of a judgment under Code of Civil Procedure section 683.110 et seq. until 30 days after the expiration of a bankruptcy stay. [Citation.]" (*Id.* at p. 167, fn. omitted; see *id.* at pp. 167-168, 169; accord, *In re Spirtos* (9th Cir. 2000) 221 F.3d 1079, 1081-1082 [time period for renewal of judgment "does not expire until 30 days after . . . expiration of the [bankruptcy] stay"].)

### 2. Independent Action on a Judgment

#### a. *Time period*

As stated above, the second alternative for extending the life of a judgment is an independent action on the judgment. (See, e.g., *Arrow Highway Steel*, *supra*,

---

[9] Relevant here, title 11 United States Code section 108(c)(2) provides that "if applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the [debtor's bankruptcy] petition, then such period does not expire until the later of— [¶] (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or [¶] (2) 30 days after notice of the termination or expiration of the stay under [title 11 United States Code] section 362 . . . with respect to such claim."

56 Cal.App.5th at p. 883; § 683.050.[10]) If a judgment creditor pursues an independent action on the judgment, section 337.5, subdivision (b) sets forth a 10-year statute of limitations.[11] (*Arrow Highway Steel*, *supra*, at p. 883.) The 10-year statute of limitations " 'commences to run when the judgment is final . . . .' " (*Fidelity*, *supra*, 89 Cal.App.4th at p. 201.) "A stipulated judgment," such as the one plaintiff obtained against the LLC, "may not normally be appealed, and becomes final when entered. [Citations.]" (*Cadle Co. II, Inc. v. Sundance Financial, Inc.* (2007) 154 Cal.App.4th 622, 624 (*Cadle*).)[12] The independent action must be commenced within 10 years of the judgment or the "last renewal of judgment, whichever comes later. [Citations.]" (*Arrow Highway Steel*, *supra*, at p. 883.) The 10-year statute of limitations " 'may be tolled such as by the debtor's absence from the state [citation].' [Citations.]" (*Fidelity*, *supra*, at p. 201.)

Significantly, " '[t]he 10-year period provided by Section 683.020 [of the statutory renewal scheme] and the 10-year statute of limitations provided by Section 337.5 are not coterminous.' " (*Fidelity*, *supra*, 89 Cal.App.4th at p. 201.) For example, while a money judgment's 10-year period of enforceability prescribed in section 683.020 of the Enforcement of Judgments Law " 'commences on the date of entry and is not tolled for any reason,' " the 10-year statute of limitations for an independent action on the judgment " 'commences to run when the judgment is final [citation] and may be tolled . . . .' " (*Fidelity*, *supra*, at p. 201.) Consequently, "[a] judgment creditor may

---

[10] Section 683.050, which is part of the Enforcement of Judgments Law (§ 680.010 et seq.), generally provides that "nothing in this chapter [regarding enforcement and renewal of judgments] limits any right the judgment creditor may have to bring an action on a judgment, but any such action shall be commenced within the period prescribed by Section 337.5." (§ 683.050, subd. (a).)

[11] Section 337.5, subdivision (b) provides that "[a]n action upon a judgment . . . of any court . . . of any state within the United States" must be commenced "[w]ithin 10 years." (See § 335.)

[12] An exception to the general rule that a stipulated judgment becomes final when entered is "when both parties enter into the stipulated judgment in order to facilitate an appeal. [Citation.]" (*Cadle*, *supra*, 154 Cal.App.4th at p. 624.)

bring an independent action on a judgment even after the 10-year enforceability period [under the Enforcement of Judgments Law] has expired *if* the 10-year statute of limitations in section 337.5 has not yet run.  [Citations.]"  (*Id.* at pp. 200-201.)

**b.  *Effect of a bankruptcy stay on an independent action on the judgment***

An independent action on a judgment "falls squarely within the automatic" bankruptcy stay provisions imposed by title 11 United States Code section 362.  (*Kertesz, supra*, 115 Cal.App.4th at p. 374; see *id.* at p. 376 [disagreeing with "dicta" in *Barnett v. Lewis* (1985) 170 Cal.App.3d 1079 that the automatic bankruptcy stay provision does not apply to the commencement of a new action on a judgment].)  At the same time, under California law, section 356 provides that "[w]hen the commencement of an action is stayed by . . . statutory prohibition, the time of the continuance of the . . . prohibition is not part of the time limited for the commencement of the action."  Thus, under California law, "[a] bankruptcy stay has been held to be a 'statutory prohibition' within the meaning of section 356, so that the period of time of the automatic stay is not counted as part of the limitations time.  [Citations.]"  (*Inco Development Corp. v. Superior Court* (2005) 131 Cal.App.4th 1014, 1019 (*Inco*); accord, *Kertesz, supra*, at p. 378; *Schumacher v. Worcester* (1997) 55 Cal.App.4th 376, 380 (*Schumacher*).)  In other words, the automatic bankruptcy stay "tolls" certain time periods, "such as . . . the time for . . . bringing an action to enforce a judgment against a debtor [citations]."  (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn*. (2004) 118 Cal.App.4th 1031, 1037, fn. 3.)

### 3.  Analysis

In this case, a money judgment was entered in favor of plaintiff and against the LLC in 2007.  The judgment was enforceable under the Enforcement of Judgments Law for 10 years thereafter, until 2017.  (§ 683.020; *Goldman, supra*, 160 Cal.App.4th at p. 260.)  This 10-year period of enforceability prescribed in section 683.020 of the Enforcement of Judgments Law was " 'not tolled for any reason.' "  (*Fidelity, supra*, 89 Cal.App.4th at p. 201.)  Although state and federal courts have reached conflicting

14

conclusions about whether a bankruptcy stay prevents a judgment creditor from seeking renewal of a judgment under the state Enforcement of Judgments Law (compare *Rubin*, *supra*, 65 Cal.App.5th at pp. 163, 166 with *In re Lobherr*, *supra*, 282 B.R. at p. 917), state and federal courts nevertheless agree that federal law extends the time within which a judgment creditor may seek renewal of a judgment until 30 days after the expiration of the bankruptcy stay. (*Rubin*, *supra*, at pp. 167, 169; *In re Spirtos*, *supra*, 221 F.3d at pp. 1081-1082.) In this case, there is no evidence that plaintiff renewed the 2007 judgment either during the bankruptcy stay or within 30 days after the stay was lifted. Nonetheless, defendant fails to provide legal authority demonstrating that the unenforceability of the 2007 judgment renders his personal guaranty unenforceable. (See, e.g., *Department of Industrial Relations v. Seaboard Surety Co.* (1996) 50 Cal.App.4th 1501, 1511 (*Department of Industrial Relations*) ["statutes of limitations are merely statutes of repose which do not operate to extinguish the debt, but merely bar recovery on the debt when properly asserted," and thus "with respect to sureties and principals, . . . ' " 'the obligation of the surety remains notwithstanding the fact that the statute of limitations has run on the obligation of the principal' " ' " (italics omitted)].)[13]

Further, plaintiff, as a judgment creditor, "may bring an independent action on a judgment even after the 10-year enforceability period [under the Enforcement of

---

[13] In the trial court below, defendant relied on section 359.5 to support his argument that because plaintiff's 2007 judgment against the LLC was unenforceable, her claim against him for breach of the guaranty was also barred. Section 359.5 states, "If the obligations under a surety bond are conditioned upon performance of the principal, the expiration of the statute of limitations with respect to the obligations of the principal, other than the obligations of the principal under the bond, shall also bar an action against the principal or surety under the bond, unless the terms of the bond provide otherwise." Defendant on appeal has not cited section 359.5, nor has he demonstrated that section 359.5 applies to the guaranty in this case and that it operates to bar his liability on the guaranty. (See, e.g., *Department of Industrial Relations*, *supra*, 50 Cal.App.4th at pp. 1511-1512 [questioning whether § 359.5 applies only to a performance bond, not a payment bond].)

Judgments Law] has expired *if* the 10-year statute of limitations in section 337.5 has not yet run. [Citations.]" (*Fidelity*, *supra*, 89 Cal.App.4th at pp. 200-201.) In general, the 10-year statute of limitations for an independent action on a judgment " 'commences to run when the judgment is final.' " (*Id.* at p. 201.) The 2007 judgment in this case was a stipulated judgment, which normally becomes final when entered. (*Cadle*, *supra*, 154 Cal.App.4th at p. 624.) However, the time period of the bankruptcy stay is not counted as part of the 10-year limitations period. (See *Kertesz*, *supra*, 115 Cal.App.4th at p. 378.) In this case, subsequent to the August 2007 judgment, the LLC was in bankruptcy from December 2007 to March 2020, or more than 12 years. In view of the intervening, at least 12-year bankruptcy stay, the 10-year statute of limitations to bring an independent action on the 2007 judgment had not yet expired by the time plaintiff filed the instant action against defendant in 2021 for breach of the guaranty. (See *Inco*, *supra*, 131 Cal.App.4th at p. 1019; *Kertesz*, *supra*, at p. 378; *Schumacher*, *supra*, 55 Cal.App.4th at p. 380.) Consequently, although the 2007 judgment could not be enforced or renewed under the Enforcement of Judgments Law, plaintiff could still timely file an independent action on the judgment against the LLC. On appeal, defendant does not provide any argument or legal authority establishing that his personal guaranty is no longer enforceable under these circumstances when plaintiff may still bring a timely independent action on the 2007 judgment against the LLC.

**C.** ***Whether the Statute of Limitations Expired for Breach of the Guaranty***

We next turn to the question of whether plaintiff's February 2021 civil action against defendant for breach of the guaranty was barred by the statute limitations.

"A guaranty is a form of surety, whereby the guarantor 'promises to answer for the debt . . . of another.' [Citation.] A guaranty is a form of contract and subject to the usual rules governing contract interpretation. [Citations.]" (*Series AGI West Linn of Appian Group Investors DE, LLC v. Eves* (2013) 217 Cal.App.4th 156, 163.)

" 'When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . .' [Citation.] 'In the construction of a statute or instrument, the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . .' [Citation.]" (*Gray1 CPB, LLC v. Kolokotronis* (2011) 202 Cal.App.4th 480, 486.)

An action upon a written contract is generally subject to a four-year statute of limitations. (§ 337, subd. (a); see *California First Bank v. Braden* (1989) 216 Cal.App.3d 672, 676 (*California First Bank*).) "A cause of action does not accrue until a defendant's wrongful conduct gives rise to a claim. [Citation.] . . . Ordinarily, the statute of limitations commences running upon the breach. [Citation.]" (*California First Bank*, *supra*, at p. 677.) "For a guaranty, the breach occurs when the note falls due and remains unpaid. [Citation.]" (*Ibid.*) Thus, "[t]he general rule is that the liability of a surety (in the absence of a different contractual provision) accrues at the same time as that of the principal, or upon default of the principal. [Citations.]" (*Bloom v. Bender* (1957) 48 Cal.2d 793, 799 (*Bloom*); accord, *R.N.C., Inc. v. Tsegeletos* (1991) 231 Cal.App.3d 967, 971 (*R.N.C.*).) Further, " 'a cause of action for money payable on demand accrues with the inception of the obligation and without the necessity for any demand . . . .' " (*Carrasco v. Greco Canning Co.* (1943) 58 Cal.App.2d 673, 675.) Moreover, an automatic bankruptcy stay involving a debtor who has filed for bankruptcy does not prevent a creditor from asserting a claim against the guarantor who has not filed for bankruptcy. (*Barnett v. Lewis* (1985) 170 Cal.App.3d 1079, 1089 & fn. 13; *Danko v. O'Reilly* (2014) 232 Cal.App.4th 732, 748.)

In this case, the guaranty provided that defendant "personally guarantee[d] payment of the judgment entered on August 16, 2007," "provided that the personal guarantee may not be enforced by [plaintiff] or anyone else until – unless an amount is owing to [plaintiff] on this judgment that hasn't been paid by the time the last of the units

of this project have been sold." The evidence at trial reflected that the last house was sold in August 2009, during the bankruptcy proceedings. At that time in August 2009, in the words of the guaranty, "an amount [was] owing to [plaintiff] on [the 2007] judgment that ha[d]n't been paid by the time the last of the units of this project ha[d] been sold." Based on the express language of the guaranty, defendant's liability under the guaranty accrued in August 2009, because the judgment had not been paid by the time the last house sold in August 2009. (See *California First Bank*, *supra*, 216 Cal.App.3d at p. 677; *Bloom*, *supra*, 48 Cal.2d at p. 799; *R.N.C.*, *supra*, 231 Cal.App.3d at p. 971.) As plaintiff had four years from 2009, or until 2013, in which to file an action against defendant for breach of the guaranty (§ 337, subd. (a); see *California First Bank*, *supra*, at p. 676), her instant 2021 action against defendant for breach of the guaranty was barred by the statute of limitations.

In this court, plaintiff quotes from the trial court's demurrer ruling in which the court stated that "[a] cause of action accrues under [section 337] when the injured party discovers the complained-of defects, at which point the statute begins to run. [Citations.]" To the extent plaintiff is attempting to rely on the delayed discovery rule to support her argument that her civil action for breach of the guaranty was timely, we are not persuaded by plaintiff's argument.

"Courts have relied on [the common law delayed discovery] rule to toll or expand the statute of limitations in cases where starting the limitations period on the date of the plaintiff's injury would be ' "manifestly unjust" ' because '[t]he injury or the act causing the injury, or both, have been difficult for the plaintiff to detect.' [Citation.]" (*Pollock v. Tri-Modal Distribution Services, Inc*. (2021) 11 Cal.5th 918, 946 (*Pollock*).) "Discovery occurs when the plaintiff suspects, or reasonably should suspect, that someone has done something wrong to the plaintiff, causing the injury (here, 'wrong' is not used in a technical sense, but in a lay one). [Citations.] 'A plaintiff has reason to suspect when he [or she] has notice or information of circumstances to put a reasonable person on

18

inquiry.' [Citations.]" (*Creekridge Townhome Owners Assn., Inc. v. C. Scott Whitten, Inc.* (2009) 177 Cal.App.4th 251, 258, italics omitted.)

A defendant has the burden of proof on a statute of limitations defense. (*Ladd v. Warner Bros. Entertainment, Inc*. (2010) 184 Cal.App.4th 1298, 1309.) The discovery rule, however, " is 'treated as an exception' to the statute of limitations [citation]." (*Samuels v. Mix* (1999) 22 Cal.4th 1, 10.) As such, " 'the plaintiff bears the burden of proof on the discovery issue.' [Citation.]" (*Pollock*, *supra*, 11 Cal.5th at p. 947.)

In this case, notwithstanding the trial court's citation to the discovery rule in its demurrer ruling, it does not appear that plaintiff argued below, let alone provided evidence at trial, that her cause of action for breach of the guaranty was subject to the delayed discovery rule such that the limitations period did not immediately commence in August 2009 when the last house sold. Indeed, plaintiff expressly disclaimed any reliance on the delayed discovery rule in her posttrial briefing to the trial court.

Instead, plaintiff argued below that the guaranty was subject to a condition precedent or otherwise was not operable until the last house was sold *and* LLC was "unable to pay" plaintiff from the proceeds of the sale. Based on this theory, plaintiff contended that it was only upon the LLC's discharge from bankruptcy, with no funds left to pay plaintiff, that liability on the guaranty accrued at the earliest, or at the latest after her demand for payment from defendant. In this court, plaintiff similarly argues that the four-year statute of limitations only commenced upon the LLC's failure to pay and defendant "refus[ing] [plaintiff's] demand for . . . payment."

However, the express terms of the guaranty did not require either (1) the LLC being "unable to pay," or (2) defendant "refus[ing] [plaintiff's] demand for . . . payment." Instead, the guaranty expressly provided that it could be enforced by plaintiff if "an amount is owing to [her] on [the 2007] judgment that hasn't been paid by the time the last of the units of this project have been sold." As the undisputed facts established that "an amount [was] owing to [plaintiff] on [the 2007] judgment that ha[d]n't been paid by the

19

time the last of the units of this project ha[d] been sold" in August 2009, the limitations period commenced on that date in August 2009, and expired four years later in 2013.

We observe that plaintiff takes the position that "[u]ntil the bankruptcy was concluded there was no way that [she] could determine if she would ultimately be paid by the LLC's estate, or in what amounts, if any." However, regardless of whether or what amount the LLC might pay in or out of bankruptcy, the express terms of the guaranty reflect that the guaranty was enforceable "by the time the last of the units of [the] project ha[d] been sold" if "an amount [was] owing to [plaintiff] on [the 2007] judgment that ha[d]n't been paid." As this circumstance arose by August 2009, plaintiff's 2021 civil action for breach of the guaranty more than four years later was time-barred.

Having concluded that plaintiff's civil action against defendant for breach of the guaranty was time-barred based on the express terms of the guaranty, we do not reach defendant's other contentions, including that the trial court "improperly adopted [a] demurrer standard for trial," erroneously "adopted [the] demurrer court decision," and provided an inadequate statement of decision. (Boldface & capitalization omitted.)

## IV. DISPOSITION

The judgment is reversed. On remand, the trial court is directed to vacate its decision and to enter a new judgment in favor of defendant William Kennedy and against plaintiff Elizabeth Sanborn. Each side is to bear his or her own costs on appeal.

20

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

GREENWOOD, P.J.

_____

WILSON, J.

***Sanborn v. Kennedy***
**H050910**

21